UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

NOVA CASUALTY COMPANY,

                              Plaintiff,

              -against-

TECH-ELEC ELECTRICAL CONTRACTORS CORP.,
GEORGE PACACHA, KERRY PACACHA, TRUSTEES OF
THE INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION NO. 363
FRINGE BENEFIT FUND, WELFARE FUND, PENSION
FUND, ANNUITY FUND, and JOHN MARAIA, as Business
Manager, ROSE PELLETIER, as Secretary, and TRUSTEES
OF THE NATIONAL ELECTRIC BENEFIT FUND,

                              Defendants.

--------------------------------------------------------------------------x

Civ. No.

**NOTICE OF REMOVAL**

08 CIV. 2534
BRIEANT

Defendants Trustees of the National Electrical Benefit Fund (hereinafter "NEBF Trustees"),

International Brotherhood Of Electrical Workers Local Union No. 363 Fringe Benefit Fund, Welfare

Fund, Pension Fund, Annuity Fund (hereafter "Local 363 Benefit Funds") (collectively and with the

NEBF Trustees, the "ERISA Funds"), John Maraia, as Business Manager ("Maraia") and Rose

Pelletier, as Secretary ("Pelletier"), by and through their respective counsel, file this Notice of

Removal pursuant to 28 U.S.C. §§ 1441 and 1446(a), state as follows:

      1.      The ERISA Funds, Maraia and Pelletier are named defendants in an action

commenced in the Supreme Court of the State of New York, County of Westchester, by a Verified

Amended Complaint (Index No. 12840/2005) filed on or February 1, 2008, which was received by

the NEBF on or after February 14, 2008, and by the Local 363 Benefit Funds, Maraia and Pelletier

on February 19, 2008.

2.      Attached hereto is a copy of the Verified Amended Complaint, with attachments, which constitute all process, pleadings and matters received by the ERISA Funds, Maraia and Pelletier.

3.      This case may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b). The Verified Amended Complaint asserts four (4) causes of action against the ERISA Funds, which are pension and welfare benefit plans governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* (hereinafter "ERISA"), and two (2) causes of action against individuals Maraia and Pelletier, alleging fiduciary breach as to the ERISA Funds.

4.      Although the Verified Amended Complaint does not state whether it rests on federal or state law, the Court may look beyond the nature of pleadings to assess the true nature of the complaint. Causes of Action 5, 6, 7 and 8 each seeks the return of employee benefit plan contributions Plaintiff made to the ERISA Funds on behalf of Defendant Tech-Elec Electrical Contractors Corp. Causes of Action 5, 6, 7 and 8 arise under federal law pursuant to 28 U.S.C. § 1331 and/or 29 U.S.C. § 1103, and assert claims for equitable relief (constructive trust and restitution) governed by ERISA. *Brown v. Health Care & Retirement Corp.,* 25 F.3d 90 (2d Cir. 1994); *Frank L. Ciminelli Const. Co. v. Buffalo Laborers Supplemental Unemployment Benefit Fund,* 976 F.2d 834 (2d Cir. 1992); *Dumac Forestry Serv., Inc. v. IBEW,* 814 F.2d 79 (2d Cir. 1987). Causes of Action 9 and 10 arise under federal law pursuant to 28 U.S.C. §1331 and/or 29 U.S.C. 1104, in that they assert fiduciary breach claims governed by Section 404(a) of ERISA. All of the Causes of Action asserted against the ERISA Funds, Maraia and Pelletier seek the return of assets that were paid to and held by the ERISA Funds consistent with section 302 of the Labor

Management Relations Act ("LMRA") ( 29 U.S.C. § 186) and sections 403 and 404 of ERISA (29 U.S.C. § 1103 and § 1104), and, further, resolution of these claims requires and depends upon the interpretation of the collective bargaining agreement between IBEW Local Union 363 and Defendant Tech-Elec Electrical Contractors Corp (as is alleged in the Verified Amended Complaint) under Section 301 of the LMRA, 29 U.S.C. § 185. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985); *Lingle v. Norge Division of Magic Chef*, 486 U.S. 399(1988); *Shafii v. British Airways, PLC*, 83 F.3d 566 (2d Cir. 1996). As such, Causes of Action 4, 5, 6, 7, 8, 9 and 10 present federal questions over which the District Court has original jurisdiction pursuant to 29 U.S.C. § 1331 and § 1337. Further, any possible state law claim raised by the Verified Amended Complaint as it relates to the ERISA Funds and/or John Maraia and Rose Pelletier, and/or Defendant Tech-Elec Electrical Contractors' obligation under its collective bargaining agreements, is completely preempted by section 514 of ERISA (29 U.S.C. § 1144).

5.      In accordance with 28 U.S.C. § 1446(d), the ERISA Funds shall promptly serve Plaintiffs and the other defendants with a copy of this Notice of Removal and shall file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, County of Westchester.

DATED: March 12, 2008

POTTS-DUPRE, DIFEDE & HAWKINS, CHTD

By: _____

Jennifer Bush Hawkins
900 Seventh Street, NW
Suite 1020
Washington, DC 20001
(202) 223-0888
jhawkins@pdhlaw.net
Attorney for Defendant, Trustees of the
National Electrical Benefit Fund

ARCHER, BYINGTON, GLENNON & LEVINE, LLP

By: _____/S/_____

Robert T. McGovern
425 Broadhollow Road - Suite 405
P.O. Box 9064
Melville, New York 11747
(631) 249-6565
rmcgovern@msek.com
Attorneys for Defendants Trustees of the
International Brotherhood of Electrical
Workers Local Union No. 363 Fringe
Benefit Fund, Welfare Fund, Pension Fund,
Annuity Fund, and John Maraia, as
Business Manager, Rose Pelletier, as Secretary

TO:    Neil B. Connelly, Esq.
       Attorney for Plaintiff
       99 Church Street, 4th Floor
       White Plains, New York 10601
       914-328-4100

       Tech-Elec Electrical Contractors Corp.
       George Pacacha and Kerry Pacacha,
       Defendants
       194 Robinson Lane
       Wappingers Falls, New York 12590

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------------X
NOVA CASUALTY COMPANY,

          Plaintiff,        Index No.: 12840/2005

   -against-

                    **VERIFIED AMENDED**
                    **COMPLAINT**

TECH-ELEC ELECTRICAL CONTRACTORS CORP.,
GEORGE PACACHA, KERRY PACACHA, TRUSTEES OF
THE INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION NO. 363
FRINGE BENEFIT FUND, WELFARE FUND, PENSION
FUND, ANNUITY FUND, and JOHN MARAIA, as Business
Manager, ROSE PELLETIER, as Secretary, TRUSTEES OF
THE NATIONAL ELECTRIC BENEFIT FUND.

          Defendants.
-----------------------------------------------------------------------X

    Plaintiff, Nova Casualty Company (hereinafter "Nova"), by its attorney Neil B.

Connelly, Esq., as and for its verified amended complaint against the defendants herein,

respectfully alleges and says as follows:

    1.   Nova is a corporation organized and existing under the laws of the State of New

York, with its principal offices in the City of Buffalo, New York, and is duly authorized and

licensed as an insurance company in the State of New York.

    2.   Upon information and belief, defendant Tech-Elec Electrical Contractors Corp.

(hereinafter "Tech-Elec") is a New York corporation with its principal place of business at 194

Robinson Lane, Wappingers Falls, New York 12590.

    3.   Upon information and belief, defendant George Pacacha is a domiciliary of the

State of New York residing at 133 Rita Drive, Cortlandt Manor, New York 10567.

4.     Upon information and belief, defendant Kerry Pacacha is a domiciliary of the State of New York residing at 133 Rita Drive, Cortlandt Manor, New York 10567.

5.     Upon information and belief, defendant Trustees of the International Brotherhood of Electrical Workers Local Union 363 Fringe Benefit Fund, Welfare Fund, Pension Fund and Annuity Fund are the employer and employee trustees of multi-employer labor management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with section 3029(c)(5) of the Taft-Hartly Act, 29.U.S.C. § 186(c)(5).

6.     Upon information and belief, the International Brotherhood of Electrical Workers Local Union 363 Fringe Benefit Fund, Welfare Fund, Pension Fund and Annuity Fund (hereinafter "Local Union 363") are employee benefit plans within the meaning of sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C.§§ 602(1),(2),(3) and 1132(d)(1), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 602(37) and (1145).

7.     Upon information and belief, Local Union 363 maintains offices at 9 Johnsons Lane, New City, New York 10956.

8.     Upon information and belief, defendant John Maraia is the Business Manager of Local 363 and in his representative capacity collects dues and retirement and benefit plan contributions owed by employers pursuant to collective bargaining agreements.

9.     Upon information and belief, defendant Rose Pelletier is the Secretary of Local 363 and in her representative capacity collects dues and retirement and benefit plan contributions owed by employers pursuant to collective bargaining agreements.

10.    Upon information and belief, defendant Trustees of the National Electric Benefit Fund are the retirement and related benefits trustees of multi-employer plans organized and operated pursuant to various collective bargaining agreements in accordance with section 3029(c)(5) of the Taft-Hartly Act, 29.U.S.C. § 186(c) (5).

11.    Upon information and belief, the National Electric Benefit Fund (hereinafter "NEBF") is an employee retirement and related benefits plans with the meaning of sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C.§§ 602(1),(2),(3) and 1132(d)(1), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 602(37) and (1145).

12.    Upon information and belief, NEBF maintains offices at 375 Route 32, Central Valley, New York 10917.

13.    Upon information and belief, defendant Tech-Elec is signatory to the collective bargaining agreement with Local Union 363 and NEBF establishing the terms and conditions of employment for electrical workers employed by Tech-Elec.

14.    Pursuant to the collective bargaining agreement, defendant Tech-Elec agreed to submit the required reports and pay to defendants Local Union 363 and NEBF certain sums of money related to contributions for dues and  employee retirement and related benefits for each hour worked by employees of defendant Tech-Elec covered by the collective bargaining agreement.

15.    On or about October 23, 2001, as partial consideration for and in connection with Nova's execution or procurement of a Union Fringe Benefit Payment Bond at the request of defendants Tech-Elec, George Pacacha and Kerry Pacacha (hereinafter, jointly, the "Indemnitors"), or any one or more of them, the Indemnitors jointly and severally executed a

3

General Agreement of Indemnity (hereinafter "GAI"), a copy of which is annexed hereto and made a part hereof as Exhibit "A".

16.     Pursuant to the terms of the GAI, the Indemnitors jointly and severally agreed, inter alia, to indemnify and hold Nova harmless from and against every claim, demand, liability, loss, cost, charge, and counsel fee, payable on demand of Nova, whether actually incurred or not, (including fees of special counsel whenever deemed necessary by Nova) expense, suit, order, judgment and adjudication whatsoever, and any and all liability therefore, sustained or incurred by Nova by reason of having executed or procured the execution of bonds or obligations of suretyship for the Indemnitors or any one of them.

17.     Pursuant to the terms of the GAI, the Indemnitors also jointly and severally agreed, inter alia, to place Nova in funds sufficient to meet all claims, demands, liabilities, losses, costs, charges, counsel fees, expenses, orders, judgments and adjudications of whatsoever kind or nature sustained or incurred by Nova by reason of having executed or procured the execution of bonds or obligations of suretyship for the Indemnitors, before Nova shall be required to make payment therefore.

18.     Pursuant to the terms of the GAI, in any cases where Nova has joined in the prosecution or defense of any claim or legal proceeding, the Indemnitors agreed to place Nova in funds sufficient to defray all expenses and all judgments that may be rendered therein.

19.     Pursuant to the terms of the GAI, the Indemnitors jointly and severally agreed that Nova has the right to pay, settle or compromise any expense, claim, or charge of the type set forth in the GAI, and that the voucher or other evidence of such payment shall be prima facie evidence of the propriety thereof and of the Indemnitors' liability therefore to Nova.

## AS AND FOR A FIRST CAUSE OF ACTION

20.     Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "19" hereof as though fully set forth herein at length.

21.     On or about November 5, 2003, Tech-Elec, Local Union 363 and NEBF entered into a written agreement where Tech-Elec agreed to the payment of wages and fringe benefit fund contributions and expenses and the filing of applicable reports, on behalf of Local Union 363 IBEW and NEBF members performing work for Tech-Elec (hereinafter "Collective Bargaining Agreement"). The term of the Collective Bargaining Agreement extended from November 5, 2003 through and including November 5, 2004.

22.     On or about March 22, 2004, at the specific instance and request of the Indemnitors and as a requirement of the Collective Bargaining Agreement, Nova issued a Union Fringe Benefit Payment Bond, identified as Bond No. 46835, in the penal sum of $50,000.00, for the bond principal, Tech-Elec, in favor of Local Union 363 and NEBF, as obligees, a copy of which is annexed hereto and made a part hereof as Exhibit "B".

23.     The Union Fringe Benefit Payment Bond assured, during the term of the Collective Bargaining Agreement, the payment of benefits and wages to employee members of the bond obligee in the event that the bond principal, Tech-Elec, failed to make said payments to Local Union 363 and NEBF.

24.     Beginning on or about September 3, 2003, Tech-Elec allegedly defaulted on its obligation to make the required monthly benefit fee payments to Local Union 363 and NEBF.

25.     On or about September 17, 2004, Local Union 363 and NEBF placed a claim against Union Fringe Benefit Payment Bond No. 46835, demanding payment by Nova of the outstanding fringe benefit and wage payments allegedly due and owing by Tech-Elec. Annexed

5

hereto as Exhibit "C" is a true copy of the claim letter and supporting documentation issued by Local Union 363 IBEW to Nova with respect to its claim against Union Fringe Benefit Payment Bond No. 46835 in the sum of $50,000.00.

26.    Upon information and belief, at the time of Local Union 363 and NEBF's September 17, 2004 claim letter, the alleged defaults by Tech-Elec had not been cured and were continuing up to and including the date of the claim letter.

27.    Upon receipt of the claim from Local Union 363 and NEBF, Nova demanded payment from the Indemnitors pursuant to the terms of the GAI, such payment to be in an amount sufficient to protect Nova from loss under the Union Fringe Benefit Payment Bond as aforesaid.

28.    The Indemnitors did not respond to Nova's demand for payment, nor did they notify Nova of any objection or defense to the claim asserted by Local Union 363 and NEBF against Nova's Union Fringe Benefit Payment Bond No. 46835.

29.    On or about January 21, 2005, following repeated demands for payment made by Local Union 363 and NEBF, Nova paid to Local Union 363 and NEBF the sum of $50,000.00 in full satisfaction of their claim. Annexed hereto and made a part hereof as Exhibit "D" is a true copy of Nova Check No. D0087486 in the sum of $50,000.00 issued in full satisfaction of Local Union 363 IBEW's claim.

30.    Upon information and belief, and unbeknownst to Nova, at the time that Local Union 363 IBEW and NEBF received Nova's January 21, 2005 payment in the sum of $50,000.00, Tech-Elec had made intervening payments that cured its default under the terms of the Collective Bargaining Agreement covered under Nova's Union Fringe Benefit Payment Bond.

31.     Upon information and belief, after the expiration of Nova's Union Fringe Benefit Payment Bond No. 46835 on November 5, 2004, Tech-Elec allegedly defaulted on its obligation to make the required monthly benefit fee payments to Local Union 363 and NEBF.

32.     Upon information and belief, Local Union 363 and NEBF applied Nova's January 21, 2005 payment in the sum of $50,000.00 to obligations owed by Tech-Elec that arose after the expiration of Nova's Union Fringe Benefit Payment Bond No. 46835 on November 5, 2004.

33.     The Indemnitors have breached their obligations under the GAI by neglecting, failing and refusing to place Nova in funds sufficient to protect Nova from loss under the claim filed by Local Union 363 and NEBF against Union Fringe Benefit Payment Bond No. 46835.

34.     Nova is entitled to judgment against Tech-Elec, George Pacacha and Kerry Pacacha, jointly and severally, in the amount of Nova's loss on Union Fringe Benefit Payment Bond No. 46835 in the sum of $50,000.00 plus interest, costs, attorney's fees and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION

35.     Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "34" hereof as though fully set forth herein at length.

36.     Pursuant to the terms of the GAI, the Indemnitors bound themselves to pay for all attorneys' fees and expenses incurred by Nova by reason of Nova's execution of bonds or other obligations of suretyship at the instance and request of Indemnitors, or any one or more of them.

37.     Nova has incurred attorneys' fees and expenses by reason of Nova's execution of Union Fringe Benefit Payment Bond No. 46835 at the instance and request of the

Indemnitors in an amount that has not yet been determined, and which amount continues to increase.

38.    Nova is entitled to judgment against the Indemnitors for all attorneys' fees and expenses incurred by Nova by reason of Nova's execution of Union Fringe Benefit Payment Bond No. 46835 at the instance and request of the Indemnitors, in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

39.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "38" hereof as though fully set forth herein at length.

40.    Pursuant to the terms of the GAI, the Indemnitors bound themselves to exonerate Nova from and against any and all loss, costs, and expense arising out of the performance and payment bonds issued by Nova, including without limitation, the attorneys' fees and expenses incurred by Nova in prosecuting this action.

41.    On or about February 9, 2005, Nova made a written demand upon Tech-Elec, George Pacacha and Kerry Pacacha for exoneration with respect to the claim asserted by Local Union 363 IBEW against Union Fringe Benefit Payment Bond No. 46835. Copies of Nova's demands are annexed collectively hereto and made a part hereof as Exhibit "E".

42.    The Indemnitors have failed and refused to comply with Nova's demand for exoneration.

43.    Nova is entitled to an order directing the Indemnitors, jointly and severally, to exonerate Nova from and against any and all claims asserted against Union Fringe Benefit Payment Bond No. 46835, by, inter alia, paying Nova for any and all loss, cost and/or expense

8

of whatsoever kind or nature, including attorneys' fees, incurred by Nova in investigating and

responding to claims filed against Union Fringe Benefit Payment Bond No. 46835, and in

pursuing Nova's rights under the GAI, including, without limitation, the attorneys' fees and

expenses incurred by Nova in prosecuting this action.

### AS AND FOR A FOURTH CAUSE OF ACTION

44.    Plaintiff Nova hereby repeats and realleges each and every statement contained

in paragraphs "1" through "43" hereof as though fully set forth herein at length.

45.    Nova's payment in the sum of $50,000.00 to Local Union 363 and NEBF was

applied by Local Union 363 and NEBF, without Nova's knowledge or consent, to obligations of

Tech-Elec which arose after the expiration of Nova's Union Fringe Benefit Payment Bond No.

46835 on November 5, 2004.

46.    Indemnitors Tech-Elec, George Pacacha, and Kerry Pacacha have received the

benefit of Nova's payment to Local Union 363 and NEBF in the sum of $50,000.00.

47.    No part of the principal sum of $50,000.00 has been repaid to Nova.

48.    Indemnitors Tech-Elec, George Pacacha and Kerry Pacacha have therefore been

unjustly enriched in the sum of $50,000.00 which lawfully belongs to Nova.

49.    Despite Nova's demands upon Indemnitors Tech-Elec, George Pacacha and

Kerry Pacacha for payment thereof, the latter have refused to tender said sum to Nova without

reason, justification or cause.

50.    By virtue of the foregoing Nova has been damaged in the sum of at least

$50,000.00, and Nova is entitled to judgment against defendants Tech-Elec, George Pacacha,

and Kerry Pacacha in that sum, plus interest from January 21, 2005.

51.    Nova is entitled to judgment against the defendants Tech-Elec, George Pacacha and Kerry Pacacha, jointly and severally, in the amount of Nova's loss on Union Fringe Benefit Payment Bond No. 46835 in the sum of $50,000.00 plus interest, costs and expenses.

## AS AND FOR A FIFTH CAUSE OF ACTION

52.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "51" hereof as though fully set forth herein at length.

53.    Pursuant to the terms of the Union Fringe Benefit Payment Bond No. 46835, Nova's obligation to Local Union 363 and NEBF continued until all payments are made by defendant Tech-Elec to Local Union 363 and NEBF under the terms and provisions of the Collective Bargaining Agreement referred to therein.

54.    Pursuant to the terms of the Union Fringe Benefit Payment Bond No. 46835, Nova's obligation to Local Union 363 and NEBF was conditioned upon defendant Tech-Elec's failure to pay Local Union 363 and NEBF in accordance with the terms and provisions of the Collective Bargaining Agreement, otherwise Nova's obligations were null and void.

55.    At the time Local Union 363 and NEBF received Nova's $50,000.00 payment in response to the demands they had made upon Nova's Union Fringe Benefit Payment Bond No. 46835, Local Union 363, NEBF, John Maraia and Rose Pelletier knew that said Bond was null and void because Tech-Elec had paid its obligations in full through November 5, 2004.

56.    Defendants Local Union 363 and NEBF knowingly, fraudulently and wrongfully retained Nova's payment in the sum of $50,000.00 even though they knew that defendant Tech-Elec had fully satisfied its obligations under the terms and provisions of the Collective Bargaining Agreement referred to in Union Fringe Benefit Payment Bond No. 46835.

57.     Local Union 363 and NEBF knowingly, fraudulently and wrongfully retained Nova's payment in the sum of $50,000.00 despite their knowledge that Nova's obligation became null and void upon defendant Tech-Elec's full satisfaction of its obligations under the terms and provisions of the Collective Bargaining Agreement referred to in Union Fringe Benefit Payment Bond No. 46835.

58.     By virtue of their retaining money under false pretenses, Local Union 363 and NEBF have damaged Nova in the sum of at least $50,000.00, and Nova is, therefore, entitled to judgment against defendants Local Union 363 and NEBF in that sum, plus interest from January 21, 2005.


## AS AND FOR A SIXTH CAUSE OF ACTION

59.     Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "58" hereof as though fully set forth herein at length.

60.     On or about September 17, 2004, Local Union 363 and NEBF made material misrepresentations by placing a fraudulent claim against Union Fringe Benefit Payment Bond No. 46835.

61.     On or about January 21, 2005, Nova was fraudulently induced by Local Union 363 and NEBF's misrepresentations to pay to Local Union 363 and NEBF the sum of $50,000.00.

62.     By virtue of the foregoing fraud and misrepresentations, Local Union 363 and NEBF have damaged Nova in the sum of at least $50,000.00, and Nova is, therefore, entitled to judgment against defendants Local Union 363 and NEBF in that sum, plus interest from January 21, 2005, attorney's fees, costs and expenses.

## AS AND FOR A SEVENTH CAUSE OF ACTION

63.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "62" hereof as though fully set forth herein at length.

64.    On or about September 17, 2004, Local Union 363 and NEBF made material misrepresentations in order to assert a fraudulent claim against Union Fringe Benefit Payment Bond No. 46835.

65.    On or about January 21, 2005, Nova was fraudulently induced by Local Union 363 and NEBF's misrepresentations to pay to Local Union 363 and NEBF the sum of $50,000.00.

66.    Local Union 363 and NEBF's retention of Nova's payment in the sum of $50,000.00, which they were not entitled to under the terms of Union Fringe Benefit Payment Bond No. 46835, constitutes a wrongful conversion of monies.

67.    By virtue of the foregoing wrongful conversion, Local Union 363 and NEBF have damaged Nova in the sum of at least $50,000.00, and Nova is, therefore, entitled to judgment against defendants Local Union 363 and NEBF in that sum, plus interest from January 21, 2005, attorney's fees, costs and expenses.

## AS AND FOR A EIGHTH CAUSE OF ACTION

68.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "67" hereof as though fully set forth herein at length.

69.    On or about September 17, 2004, Local Union 363 and NEBF made material misrepresentations by placing a fraudulent claim against Union Fringe Benefit Payment Bond

No. 46835, for payment of the outstanding fringe benefit and wage payments allegedly due and owing by Tech-Elec.

70.     On or about January 21, 2005, Nova was fraudulently induced by Local Union 363 and NEBF's misrepresentations to pay to Local Union 363 and NEBF the sum of $50,000.00 in full satisfaction of their claim.

71.     Local Union 363 and NEBF's retention of Nova's payment in the sum of $50,000.00, which they were not entitled to under the terms of Union Fringe Benefit Payment Bond No. 46835, constitutes a wrongful conversion of monies.

72.     Local Union 363 and NEBF's wrongful conversion of monies gives rise to a constructive trust in favor of Nova.

73.     By virtue of the foregoing, Nova is entitled to an order impressing a trust in favor of Nova and directing defendants Local Union 363 and NEBF to make restitution to Nova in the sum of $50,000.00, plus interest from January 21, 2005, attorney's fees, costs and expenses.

## AS AND FOR A NINTH CAUSE OF ACTION

74.     Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "73" hereof as though fully set forth herein at length.

75.     At all times relevant hereto, John Maraia served as Business Manger for Local Union 363.

76.     In his capacity as Business Manager for Local Union 363, John Maraia served as a fiduciary and trustee and oversaw the collection of dues and retirement and benefit plan contributions owed by employers pursuant to collective bargaining agreements.

77.    In his capacity as Business Manager for Local Union 363, John Maraia served as a fiduciary and trustee and oversaw the collection of dues and retirement and benefit plan contributions owed by Tech-Elec pursuant to the Collective Bargaining Agreement.

78.    Upon information and belief, on or about September 17, 2004, John Maraia oversaw Local Union 363's preparation of a fraudulent claim against Union Fringe Benefit Payment Bond No. 46835.

79.    Upon information and belief, John Maraia oversaw Local Union 363's wrongful retention of Nova's payment in the sum of $50,000.00, which Local Union 363 was not entitled to receive under the terms of Union Fringe Benefit Payment Bond No. 46835.

80.    By virtue of the foregoing, John Maraia breached the fiduciary duties owed by him as Business Manager and trustee of the funds collected for dues and benefit plan contributions and the constructive trust created in favor of Nova and Nova is entitled to have judgment against defendant John Maraia, individually, in the sum of $50,000.00, plus interest from January 21, 2005, attorney's fees, costs and expenses.

### AS AND FOR A TENTH CAUSE OF ACTION

81.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "80" hereof as though fully set forth herein at length.

82.    At all times relevant hereto, Rose Pelletier served as Secretary for Local Union 363.

83.    In her capacity as Secretary for Local Union 363, Rose Pelletier served as a fiduciary and collected dues and retirement and benefit plan contributions owed by employers pursuant to collective bargaining agreements.

84.     In her capacity as Secretary for Local Union 363, Rose Pelletier served as a fiduciary and collected dues and retirement and benefit plan contributions owed by Tech-Elec pursuant to the Collective Bargaining Agreement.

85.     Upon information and belief, on or about September 17, 2004, Rose Pelletier prepared Local Union 363's fraudulent claim against Union Fringe Benefit Payment Bond No. 46835.

86.     Upon information and belief, Rose Pelletier wrongfully retained Nova's payment in the sum of $50,000.00, which Local Union 363 was not entitled to receive under the terms of Union Fringe Benefit Payment Bond No. 46835.

87.     By virtue of the foregoing, Rose Pelletier breached the fiduciary duties owed by her as Secretary of the funds collected for dues and benefit plan contributions and the constructive trust created in favor of Nova, and Nova is entitled to have judgment against defendant Rose Pelletier, individually, in the sum of $50,000.00, plus interest from January 21, 2005, attorney's fees, costs and expenses.

**WHEREFORE**, Nova demands judgment against the defendants Tech-Elec, George Pacacha, and Kerry Pacacha, jointly and severally, on its first cause of action in the sum of $50,000.00, plus interest; against defendants Tech-Elec, George Pacacha, and Kerry Pacacha, jointly and severally on its second cause of action in the amount of all attorneys' fees incurred by Nova by reason of Nova's execution of bonds or other obligations of suretyship at the instance and request of the defendants, with the amount to be determined at trial; on its third cause of action for an order directing the defendants Tech-Elec, George Pacacha, and Kerry Pacacha to exonerate Nova from any and all loss, cost and/or expense, of whatsoever kind or

nature, incurred or to be incurred under Union Fringe Benefit Payment Bond No. 46835; against defendants Local Union 363 and NEBF, jointly and severally, on its fourth cause of action in the sum of $50,000.00, plus interest; against defendants Local Union 363 and NEBF, jointly and severally on its fifth cause of action in the sum of $50,000.00, plus interest; against defendants Local Union 363 and NEBF, jointly and severally on its sixth cause of action in the sum of $50,000.00, plus interest; against defendants Local Union 363 and NEBF, jointly and severally on its seventh cause of action in the sum of $50,000.00, plus interest; on its eighth cause of action for an order impressing a trust and directing defendants Local Union 363 and NEBF, jointly and severally, to make restitution to Nova in the sum of $50,000.00, plus interest; against defendant John Maraia, individually, on its ninth cause of action in the sum of $50,000.00, plus interest; and against defendant Rose Pelletier, individually, on its tenth cause of action in the sum of $50,000.00, plus interest, together with such other further and different relief as the court may deem just and proper in the circumstances.

Dated: January 24, 2008
      White Plains, New York

Yours etc,

_Neil B. Connelly_
Neil B. Connelly
Attorney for Plaintiff
99 Church St., 4th Floor
White Plains, NY 10601
(914) 328-4100

<u>VERIFICATION</u>

NEIL B. CONNELLY, an attorney admitted to practice law before the courts of the State of New York, affirms the truth of the following:

That the undersigned is the attorney of record for plaintiff NOVA CASUALTY COMPANY, in the within action; that the undersigned has read the foregoing Complaint and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The reason this verification is made by your affirmant and not by plaintiff, NOVA CASUALTY COMPANY, is because plaintiff does not reside or maintain an office in the County where your affirmant's office is located.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's own knowledge, is information provided to affirmant by NOVA CASUALTY COMPANY.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

AFFIRMED:  White Plains, New York
            January 24, 2008

NEIL B. CONNELLY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------------------X

NOVA CASUALTY COMPANY,

                          Plaintiff,

      -against-


TECH-ELEC ELECTRICAL CONTRACTORS CORP.,
GE*** *GE PACACHA, KERRY PACACHA, TRUSTEES OF
THE INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION NO. 363
FRINGE BENEFIT FUND, WELFARE FUND, PENSION
FUND, ANNUITY FUND, and JOHN MARAIA, as Business
Manager, ROSE PELLETIER, as Secretary, and TRUSTEES
OF THE NATIONAL ELECTRIC BENEFIT FUND.

                         Defendants.

----------------------------------------------------------------------X

Index No.:12840/2005

Plaintiff designates Westchester
County as the place of trial.
The basis of the venue is the
location of the defendants.

**SUPPLEMENTAL
SUMMONS**

Plaintiff resides at
726 Exchange Place,
Buffalo, New York,
County of Erie

**To the above named Defendants:**


      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve
a notice of appearance, on the plaintiff's attorney(s) within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if
this summons is not personally delivered to you within the State of New York); and in case
of your failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.


Dated: January 24, 2008
       White Plains, New York

Yours, etc.
Neil B. Connelly, Esq.

By: _____
      Neil B. Connelly
      Attorney for Plaintiff
      99 Church St., 4th Floor

White Plains, NY 10601
914-328-4100

**DEFENDANTS' ADDRESS**
Tech-Elec Electrical Contractors Corp.
Secretary of State of New York

George and Kerry Pacacha
194 Robinson Lane
Wappingers Falls, NY 12590

Trustees of the International Brotherhood
Of Electrical Workers Local Union 363
Fringe Benefit Fund, Welfare Fund, Pension
Fund and Annuity Fund
9 Johnsons Lane
New City, New York 10956

John Maraia
9 Johnsons Lane
New City, New York 10956

Rose Pelletier
9 Johnsons Lane
New City, New York 10956

Trustees of the National Electric Benefit Fund
375 Route 32
Central Valley, New York 10917

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------------X

NOVA CASUALTY COMPANY,

                              Plaintiff,                          Index No.: 12840/2005

        -against-

                                                                  **VERIFIED AMENDED**
                                                                  **COMPLAINT**

TECH-ELEC ELECTRICAL CONTRACTORS CORP.,
GEORGE PACACHA, KERRY PACACHA, TRUSTEES OF
THE INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL UNION NO. 363
FRINGE BENEFIT FUND, WELFARE FUND, PENSION
FUND, ANNUITY FUND, and JOHN MARAIA, as Business
Manager, ROSE PELLETIER, as Secretary, TRUSTEES OF
THE NATIONAL ELECTRIC BENEFIT FUND.

                              Defendants.
------------------------------------------------------------------------X

        Plaintiff, Nova Casualty Company (hereinafter "Nova"), by its attorney Neil B.

Connelly, Esq., as and for its verified amended complaint against the defendants herein,

respectfully alleges and says as follows:

        1.        Nova is a corporation organized and existing under the laws of the State of New

York, with its principal offices in the City of Buffalo, New York, and is duly authorized and

licensed as an insurance company in the State of New York.

        2.        Upon information and belief, defendant Tech-Elec Electrical Contractors Corp.

(hereinafter "Tech-Elec") is a New York corporation with its principal place of business at 194

Robinson Lane, Wappingers Falls, New York 12590.

        3.        Upon information and belief, defendant George Pacacha is a domiciliary of the

State of New York residing at 133 Rita Drive, Cortlandt Manor, New York 10567.

1

4.    Upon information and belief, defendant Kerry Pacacha is a domiciliary of the State of New York residing at 133 Rita Drive, Cortlandt Manor, New York 10567.

5.    Upon information and belief, defendant Trustees of the International Brotherhood of Electrical Workers Local Union 363 Fringe Benefit Fund, Welfare Fund, Pension Fund and Annuity Fund are the employer and employee trustees of multi-employer labor management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with section 3029(c)(5) of the Taft-Hartly Act, 29.U.S.C. § 186(c)(5).

6.    Upon information and belief, the International Brotherhood of Electrical Workers Local Union 363 Fringe Benefit Fund, Welfare Fund, Pension Fund and Annuity Fund (hereinafter "Local Union 363") are employee benefit plans within the meaning of sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C.§§ 602(1),(2),(3) and 1132(d)(1), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 602(37) and (1145).

7.    Upon information and belief, Local Union 363 maintains offices at 9 Johnsons Lane, New City, New York 10956.

8.    Upon information and belief, defendant John Maraia is the Business Manager of Local 363 and in his representative capacity collects dues and retirement and benefit plan contributions owed by employers pursuant to collective bargaining agreements.

9.    Upon information and belief, defendant Rose Pelletier is the Secretary of Local 363 and in her representative capacity collects dues and retirement and benefit plan contributions owed by employers pursuant to collective bargaining agreements.

2

10.     Upon information and belief, defendant Trustees of the National Electric Benefit Fund are the retirement and related benefits trustees of multi-employer plans organized and operated pursuant to various collective bargaining agreements in accordance with section 3029(c)(5) of the Taft-Hartly Act,  29.U.S.C. § 186(c) (5).

11.     Upon information and belief, the National Electric Benefit Fund (hereinafter "NEBF") is an employee retirement and related benefits plans with the meaning of sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C.§§ 602(1),(2),(3) and 1132(d)(1), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 602(37) and (1145).

12.     Upon information and belief, NEBF maintains offices at 375 Route 32, Central Valley, New York 10917.

13.     Upon information and belief, defendant Tech-Elec is signatory to the collective bargaining agreement with Local Union 363 and NEBF establishing the terms and conditions of employment for electrical workers employed by Tech-Elec.

14.     Pursuant to the collective bargaining agreement, defendant Tech-Elec agreed to submit the required reports and pay to defendants Local Union 363 and NEBF certain sums of money related to contributions for dues and  employee retirement and related benefits for each hour worked by employees of defendant Tech-Elec covered by the collective bargaining agreement.

15.     On or about October 23, 2001, as partial consideration for and in connection with Nova's execution or procurement of a Union Fringe Benefit Payment Bond at the request of defendants Tech-Elec, George Pacacha and Kerry Pacacha (hereinafter, jointly, the "Indemnitors"), or any one or more of them, the Indemnitors jointly and severally executed a

3

General Agreement of Indemnity (hereinafter "GAI"), a copy of which is annexed hereto and made a part hereof as Exhibit "A".

16.    Pursuant to the terms of the GAI, the Indemnitors jointly and severally agreed, inter alia, to indemnify and hold Nova harmless from and against every claim, demand, liability, loss, cost, charge, and counsel fee, payable on demand of Nova, whether actually incurred or not, (including fees of special counsel whenever deemed necessary by Nova) expense, suit, order, judgment and adjudication whatsoever, and any and all liability therefore, sustained or incurred by Nova by reason of having executed or procured the execution of bonds or obligations of suretyship for the Indemnitors or any one of them.

17.    Pursuant to the terms of the GAI, the Indemnitors also jointly and severally agreed, inter alia, to place Nova in funds sufficient to meet all claims, demands, liabilities, losses, costs, charges, counsel fees, expenses, orders, judgments and adjudications of whatsoever kind or nature sustained or incurred by Nova by reason of having executed or procured the execution of bonds or obligations of suretyship for the Indemnitors, before Nova shall be required to make payment therefore.

18.    Pursuant to the terms of the GAI, in any cases where Nova has joined in the prosecution or defense of any claim or legal proceeding, the Indemnitors agreed to place Nova in funds sufficient to defray all expenses and all judgments that may be rendered therein.

19.    Pursuant to the terms of the GAI, the Indemnitors jointly and severally agreed that Nova has the right to pay, settle or compromise any expense, claim, or charge of the type set forth in the GAI, and that the voucher or other evidence of such payment shall be prima facie evidence of the propriety thereof and of the Indemnitors' liability therefore to Nova.

4

## AS AND FOR A FIRST CAUSE OF ACTION

20.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "19" hereof as though fully set forth herein at length.

21.    On or about November 5, 2003, Tech-Elec, Local Union 363 and NEBF entered into a written agreement where Tech-Elec agreed to the payment of wages and fringe benefit fund contributions and expenses and the filing of applicable reports, on behalf of Local Union 363 IBEW and NEBF members performing work for Tech-Elec (hereinafter "Collective Bargaining Agreement"). The term of the Collective Bargaining Agreement extended from November 5, 2003 through and including November 5, 2004.

22.    On or about March 22, 2004, at the specific instance and request of the Indemnitors and as a requirement of the Collective Bargaining Agreement, Nova issued a Union Fringe Benefit Payment Bond, identified as Bond No.46835, in the penal sum of $50,000.00, for the bond principal, Tech-Elec, in favor of Local Union 363 and NEBF, as obligees, a copy of which is annexed hereto and made a part hereof as Exhibit "B".

23.    The Union Fringe Benefit Payment Bond assured, during the term of the Collective Bargaining Agreement, the payment of benefits and wages to employee members of the bond obligee in the event that the bond principal, Tech-Elec, failed to make said payments to Local Union 363 and NEBF.

24.    Beginning on or about September 3, 2003, Tech-Elec allegedly defaulted on its obligation to make the required monthly benefit fee payments to Local Union 363 and NEBF.

25.    On or about September 17, 2004, Local Union 363 and NEBF placed a claim against Union Fringe Benefit Payment Bond No. 46835, demanding payment by Nova of the outstanding fringe benefit and wage payments allegedly due and owing by Tech-Elec. Annexed

5

hereto as Exhibit "C" is a true copy of the claim letter and supporting documentation issued by

Local Union 363 IBEW to Nova with respect to its claim against Union Fringe Benefit Payment

Bond No. 46835 in the sum of $50,000.00.

26.    Upon information and belief, at the time of Local Union 363 and NEBF's

September 17, 2004 claim letter, the alleged defaults by Tech-Elec had not been cured and were

continuing up to and including the date of the claim letter.

27.    Upon receipt of the claim from Local Union 363 and NEBF, Nova demanded

payment from the Indemnitors pursuant to the terms of the GAI, such payment to be in an

amount sufficient to protect Nova from loss under the Union Fringe Benefit Payment Bond as

aforesaid.

28.    The Indemnitors did not respond to Nova's demand for payment, nor did they

notify Nova of any objection or defense to the claim asserted by Local Union 363 and NEBF

against Nova's Union Fringe Benefit Payment Bond No. 46835.

29.    On or about January 21, 2005, following repeated demands for payment made

by Local Union 363 and NEBF, Nova paid to Local Union 363 and NEBF the sum of

$50,000.00 in full satisfaction of their claim.  Annexed hereto and made a part hereof as Exhibit

"D" is a true copy of Nova Check No. D0087486 in the sum of $50,000.00 issued in full

satisfaction of Local Union 363 IBEW's claim.

30.    Upon information and belief, and unbeknownst to Nova, at the time that Local

Union 363 IBEW and NEBF received Nova's January 21, 2005 payment in the sum of

$50,000.00, Tech-Elec had made intervening payments that cured its default under the terms of

the Collective Bargaining Agreement covered under Nova's Union Fringe Benefit Payment

Bond.

6

31.     Upon information and belief, after the expiration of Nova's Union Fringe Benefit Payment Bond No. 46835 on November 5, 2004, Tech-Elec allegedly defaulted on its obligation to make the required monthly benefit fee payments to Local Union 363 and NEBF.

32.     Upon information and belief, Local Union 363 and NEBF applied Nova's January 21, 2005 payment in the sum of $50,000.00 to obligations owed by Tech-Elec that arose after the expiration of Nova's Union Fringe Benefit Payment Bond No. 46835 on November 5, 2004.

33.     The Indemnitors have breached their obligations under the GAI by neglecting, failing and refusing to place Nova in funds sufficient to protect Nova from loss under the claim filed by Local Union 363 and NEBF against Union Fringe Benefit Payment Bond No. 46835.

34.     Nova is entitled to judgment against Tech-Elec, George Pacacha and Kerry Pacacha, jointly and severally, in the amount of Nova's loss on Union Fringe Benefit Payment Bond No. 46835 in the sum of $50,000.00 plus interest, costs, attorney's fees and expenses.

## AS AND FOR A SECOND CAUSE OF ACTION

35.     Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "34" hereof as though fully set forth herein at length.

36.     Pursuant to the terms of the GAI, the Indemnitors bound themselves to pay for all attorneys' fees and expenses incurred by Nova by reason of Nova's execution of bonds or other obligations of suretyship at the instance and request of Indemnitors, or any one or more of them.

37.     Nova has incurred attorneys' fees and expenses by reason of Nova's execution of Union Fringe Benefit Payment Bond No. 46835 at the instance and request of the

7

Indemnitors in an amount that has not yet been determined, and which amount continues to increase.

38.    Nova is entitled to judgment against the Indemnitors for all attorneys' fees and expenses incurred by Nova by reason of Nova's execution of Union Fringe Benefit Payment Bond No. 46835 at the instance and request of the Indemnitors, in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

39.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "38" hereof as though fully set forth herein at length.

40.    Pursuant to the terms of the GAI, the Indemnitors bound themselves to exonerate Nova from and against any and all loss, costs, and expense arising out of the performance and payment bonds issued by Nova, including without limitation, the attorneys' fees and expenses incurred by Nova in prosecuting this action.

41.    On or about February 9, 2005, Nova made a written demand upon Tech-Elec, George Pacacha and Kerry Pacacha for exoneration with respect to the claim asserted by Local Union 363 IBEW against Union Fringe Benefit Payment Bond No. 46835. Copies of Nova's demands are annexed collectively hereto and made a part hereof as Exhibit "E".

42.    The Indemnitors have failed and refused to comply with Nova's demand for exoneration.

43.    Nova is entitled to an order directing the Indemnitors, jointly and severally, to exonerate Nova from and against any and all claims asserted against Union Fringe Benefit Payment Bond No. 46835, by, inter alia, paying Nova for any and all loss, cost and/or expense

of whatsoever kind or nature, including attorneys' fees, incurred by Nova in investigating and

responding to claims filed against Union Fringe Benefit Payment Bond No. 46835, and in

pursuing Nova's rights under the GAI, including, without limitation, the attorneys' fees and

expenses incurred by Nova in prosecuting this action.

### AS AND FOR A FOURTH CAUSE OF ACTION

44.    Plaintiff Nova hereby repeats and realleges each and every statement contained

in paragraphs "1" through "43" hereof as though fully set forth herein at length.

45.    Nova's payment in the sum of $50,000.00 to Local Union 363 and NEBF was

applied by Local Union 363 and NEBF, without Nova's knowledge or consent, to obligations of

Tech-Elec which arose after the expiration of Nova's Union Fringe Benefit Payment Bond No.

46835 on November 5, 2004.

46.    Indemnitors Tech-Elec, George Pacacha, and Kerry Pacacha have received the

benefit of Nova's payment to Local Union 363 and NEBF in the sum of $50,000.00.

47.    No part of the principal sum of $50,000.00 has been repaid to Nova.

48.    Indemnitors Tech-Elec, George Pacacha and Kerry Pacacha have therefore been

unjustly enriched in the sum of $50,000.00 which lawfully belongs to Nova.

49.    Despite Nova's demands upon Indemnitors Tech-Elec, George Pacacha and

Kerry Pacacha for payment thereof, the latter have refused to tender said sum to Nova without

reason, justification or cause.

50.    By virtue of the foregoing Nova has been damaged in the sum of at least

$50,000.00, and Nova is entitled to judgment against defendants Tech-Elec, George Pacacha,

and Kerry Pacacha in that sum, plus interest from January 21, 2005.

51.    Nova is entitled to judgment against the defendants Tech-Elec, George Pacacha and Kerry Pacacha, jointly and severally, in the amount of Nova's loss on Union Fringe Benefit Payment Bond No. 46835 in the sum of $50,000.00 plus interest, costs and expenses.

### AS AND FOR A FIFTH CAUSE OF ACTION

52.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "51" hereof as though fully set forth herein at length.

53.    Pursuant to the terms of the Union Fringe Benefit Payment Bond No. 46835, Nova's obligation to Local Union 363 and NEBF continued until all payments are made by defendant Tech-Elec to Local Union 363 and NEBF under the terms and provisions of the Collective Bargaining Agreement referred to therein.

54.    Pursuant to the terms of the Union Fringe Benefit Payment Bond No. 46835, Nova's obligation to Local Union 363 and NEBF was conditioned upon defendant Tech-Elec's failure to pay Local Union 363 and NEBF in accordance with the terms and provisions of the Collective Bargaining Agreement, otherwise Nova's obligations were null and void.

55.    At the time Local Union 363 and NEBF received Nova's $50,000.00 payment in response to the demands they had made upon Nova's Union Fringe Benefit Payment Bond No. 46835, Local Union 363, NEBF, John Maraia and Rose Pelletier knew that said Bond was null and void because Tech-Elec had paid its obligations in full through November 5, 2004.

56.    Defendants Local Union 363 and NEBF knowingly, fraudulently and wrongfully retained Nova's payment in the sum of $50,000.00 even though they knew that defendant Tech-Elec had fully satisfied its obligations under the terms and provisions of the Collective Bargaining Agreement referred to in Union Fringe Benefit Payment Bond No. 46835.

57.     Local Union 363 and NEBF knowingly, fraudulently and wrongfully retained Nova's payment in the sum of $50,000.00 despite their knowledge that Nova's obligation became null and void upon defendant Tech-Elec's full satisfaction of its obligations under the terms and provisions of the Collective Bargaining Agreement referred to in Union Fringe Benefit Payment Bond No. 46835.

58.     By virtue of their retaining money under false pretenses, Local Union 363 and NEBF have damaged Nova in the sum of at least $50,000.00, and Nova is, therefore, entitled to judgment against defendants Local Union 363 and NEBF in that sum, plus interest from January 21, 2005.

## AS AND FOR A SIXTH CAUSE OF ACTION

59.     Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "58" hereof as though fully set forth herein at length.

60.     On or about September 17, 2004, Local Union 363 and NEBF made material misrepresentations by placing a fraudulent claim against Union Fringe Benefit Payment Bond No. 46835.

61.     On or about January 21, 2005, Nova was fraudulently induced by Local Union 363 and NEBF's misrepresentations to pay to Local Union 363 and NEBF the sum of $50,000.00.

62.     By virtue of the foregoing fraud and misrepresentations, Local Union 363 and NEBF have damaged Nova in the sum of at least $50,000.00, and Nova is, therefore, entitled to judgment against defendants Local Union 363 and NEBF in that sum, plus interest from January 21, 2005, attorney's fees, costs and expenses.

11

## AS AND FOR A SEVENTH CAUSE OF ACTION

63.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "62" hereof as though fully set forth herein at length.

64.    On or about September 17, 2004, Local Union 363 and NEBF made material misrepresentations in order to assert a fraudulent claim against Union Fringe Benefit Payment Bond No. 46835.

65.    On or about January 21, 2005, Nova was fraudulently induced by Local Union 363 and NEBF's misrepresentations to pay to Local Union 363 and NEBF the sum of $50,000.00.

66.    Local Union 363 and NEBF's retention of Nova's payment in the sum of $50,000.00, which they were not entitled to under the terms of Union Fringe Benefit Payment Bond No. 46835, constitutes a wrongful conversion of monies.

67.    By virtue of the foregoing wrongful conversion, Local Union 363 and NEBF have damaged Nova in the sum of at least $50,000.00, and Nova is, therefore, entitled to judgment against defendants Local Union 363 and NEBF in that sum, plus interest from January 21, 2005, attorney's fees, costs and expenses.

## AS AND FOR A EIGHTH CAUSE OF ACTION

68.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "67" hereof as though fully set forth herein at length.

69.    On or about September 17, 2004, Local Union 363 and NEBF made material misrepresentations by placing a fraudulent claim against Union Fringe Benefit Payment Bond

No. 46835, for payment of the outstanding fringe benefit and wage payments allegedly due and owing by Tech-Elec.

70.    On or about January 21, 2005, Nova was fraudulently induced by Local Union 363 and NEBF's misrepresentations to pay to Local Union 363 and NEBF the sum of $50,000.00 in full satisfaction of their claim.

71.    Local Union 363 and NEBF's retention of Nova's payment in the sum of $50,000.00, which they were not entitled to under the terms of Union Fringe Benefit Payment Bond No. 46835, constitutes a wrongful conversion of monies.

72.    Local Union 363 and NEBF's wrongful conversion of monies gives rise to a constructive trust in favor of Nova.

73.    By virtue of the foregoing, Nova is entitled to an order impressing a trust in favor of Nova and directing defendants Local Union 363 and NEBF to make restitution to Nova in the sum of $50,000.00, plus interest from January 21, 2005, attorney's fees, costs and expenses.

## AS AND FOR A NINTH CAUSE OF ACTION

74.    Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "73" hereof as though fully set forth herein at length.

75.    At all times relevant hereto, John Maraia served as Business Manger for Local Union 363.

76.    In his capacity as Business Manager for Local Union 363, John Maraia served as a fiduciary and trustee and oversaw the collection of dues and retirement and benefit plan contributions owed by employers pursuant to collective bargaining agreements.

77.     In his capacity as Business Manager for Local Union 363, John Maraia served as a fiduciary and trustee and oversaw the collection of dues and retirement and benefit plan contributions owed by Tech-Elec pursuant to the Collective Bargaining Agreement.

78.     Upon information and belief, on or about September 17, 2004, John Maraia oversaw Local Union 363's preparation of a fraudulent claim against Union Fringe Benefit Payment Bond No. 46835.

79.     Upon information and belief, John Maraia oversaw Local Union 363's wrongful retention of Nova's payment in the sum of $50,000.00, which Local Union 363 was not entitled to receive under the terms of Union Fringe Benefit Payment Bond No. 46835.

80.     By virtue of the foregoing, John Maraia breached the fiduciary duties owed by him as Business Manager and trustee of the funds collected for dues and benefit plan contributions and the constructive trust created in favor of Nova and Nova is entitled to have judgment against defendant John Maraia, individually, in the sum of $50,000.00, plus interest from January 21, 2005, attorney's fees, costs and expenses.

## AS AND FOR A TENTH CAUSE OF ACTION

81.     Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "80" hereof as though fully set forth herein at length.

82.     At all times relevant hereto, Rose Pelletier served as Secretary for Local Union 363.

83.     In her capacity as Secretary for Local Union 363, Rose Pelletier served as a fiduciary and collected dues and retirement and benefit plan contributions owed by employers pursuant to collective bargaining agreements.

14

84.    In her capacity as Secretary for Local Union 363, Rose Pelletier served as a fiduciary and collected dues and retirement and benefit plan contributions owed by Tech-Elec pursuant to the Collective Bargaining Agreement.

85.    Upon information and belief, on or about September 17, 2004, Rose Pelletier prepared Local Union 363's fraudulent claim against Union Fringe Benefit Payment Bond No. 46835.

86.    Upon information and belief, Rose Pelletier wrongfully retained Nova's payment in the sum of $50,000.00, which Local Union 363 was not entitled to receive under the terms of Union Fringe Benefit Payment Bond No. 46835.

87.    By virtue of the foregoing, Rose Pelletier breached the fiduciary duties owed by her as Secretary of the funds collected for dues and benefit plan contributions and the constructive trust created in favor of Nova, and Nova is entitled to have judgment against defendant Rose Pelletier, individually, in the sum of $50,000.00, plus interest from January 21, 2005, attorney's fees, costs and expenses.

**WHEREFORE**, Nova demands judgment against the defendants Tech-Elec, George Pacacha, and Kerry Pacacha, jointly and severally, on its first cause of action in the sum of $50,000.00, plus interest; against defendants Tech-Elec, George Pacacha, and Kerry Pacacha, jointly and severally on its second cause of action in the amount of all attorneys' fees incurred by Nova by reason of Nova's execution of bonds or other obligations of suretyship at the instance and request of the defendants, with the amount to be determined at trial; on its third cause of action for an order directing the defendants Tech-Elec, George Pacacha, and Kerry Pacacha to exonerate Nova from any and all loss, cost and/or expense, of whatsoever kind or

nature, incurred or to be incurred under Union Fringe Benefit Payment Bond No. 46835; against defendants Local Union 363 and NEBF, jointly and severally, on its fourth cause of action in the sum of $50,000.00, plus interest; against defendants Local Union 363 and NEBF, jointly and severally on its fifth cause of action in the sum of $50,000.00, plus interest; against defendants Local Union 363 and NEBF, jointly and severally on its sixth cause of action in the sum of $50,000.00, plus interest; against defendants Local Union 363 and NEBF, jointly and severally on its seventh cause of action in the sum of $50,000.00, plus interest; on its eighth cause of action for an order impressing a trust and directing defendants Local Union 363 and NEBF, jointly and severally, to make restitution to Nova in the sum of $50,000.00, plus interest; against defendant John Maraia, individually, on its ninth cause of action in the sum of $50,000.00, plus interest; and against defendant Rose Pelletier, individually, on its tenth cause of action in the sum of $50,000.00, plus interest, together with such other further and different relief as the court may deem just and proper in the circumstances.

Dated:  January 24, 2008
        White Plains, New York

Yours etc,

Neil B. Connelly
Attorney for Plaintiff
99 Church St., 4th Floor
White Plains, NY 10601
(914) 328-4100

16

## VERIFICATION

NEIL B. CONNELLY, an attorney admitted to practice law before the courts of the State of New York, affirms the truth of the following:

That the undersigned is the attorney of record for plaintiff NOVA CASUALTY COMPANY, in the within action; that the undersigned has read the foregoing Complaint and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The reason this verification is made by your affirmant and not by plaintiff, NOVA CASUALTY COMPANY, is because plaintiff does not reside or maintain an office in the County where your affirmant's office is located.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's own knowledge, is information provided to affirmant by NOVA CASUALTY COMPANY.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

AFFIRMED:  White Plains, New York
           January 24, 2008

_____
NEIL B. CONNELLY



180 Oak Street
Buffalo, New York 14203-1610

NOVA CASUALTY COMPANY

# GENERAL AGREEMENT OF INDEMNITY

WHEREAS _____ Tech-Elec Electrical Contractors Corp. _____

requires or may hereafter require suretyship upon certain bonds or obligations of suretyship and has applied or may hereafter apply to the Nova Casualty Company, 180 Oak Street, Buffalo, New York 14203-1610 (hereinafter called the Company) to execute such instruments as Surety.

NOW THEREFORE, should the Company execute or procure the execution of the suretyship for which application is now pending, or which may be hereafter applied for, or other suretyship in lieu thereof, or in lieu of suretyship now outstanding, or in connection therewith, the undersigned, hereinafter called the Indemnitor, does (if there be more than one Indemnitor, they jointly and severally and for each other do), in consideration thereof, hereby undertake and agree:

1. That the Indemnitor will pay, or cause to be paid, to the Company, as and when each and every such bond or obligation is executed, the premium therefore in accordance with the regular scheduled rates of the Company then in force, and annually thereafter (except when the initial premium is scheduled as a term premium) pay to the Company the annual premium therefore in accordance with such rates until the Indemnitor shall serve upon the Company competent, written, legal evidence satisfactory to the Company of its final discharge from such suretyship and any and all renewals and extensions thereof.

2. That the Indemnitor will perform all the conditions of each said bond or obligation, and any and all alterations, modifications, renewals, continuations, and extensions thereof, and will at all times indemnify and save the Company harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, payable on demand of Surety, whether actually incurred or not, (including fees of special counsel whenever by the Company deemed necessary) expense, suit, order judgment and adjudication whatsoever, and any and all liability therefore, sustained or incurred by the Company by reason of having executed or procured the execution of said bonds or obligation, ... will place the Com ... in funds to meet same before it shall be required to make payment, and in case the Indemnitor requests the Company to join in the prosecution or defense of any legal proceeding, the Indemnitor will, on demand of the Company, place it in funds sufficient to defray all expenses and all judgments that may be rendered therein.

3. That the suretyship is for the special benefit of the Indemnitor and the Indemnitor's property now owned or hereafter acquired and the income and earnings thereof, from all of which the Company shall be entitled to indemnity; and the Indemnitor represents that it is specially and beneficially interested in the subject of any such suretyship, in the suretyship required and the continuation thereof.

4. That the Company shall have every right and remedy which a personal surety without compensation would have, including the right to secure its discharge from its Suretyship, and in the absence or default of its Indemnitor the Company may, at its option, exercise all rights of said Indemnitor, and should it make any payment, shall have every right and remedy of the Indemnitor for the recovery of the same.

5. That the Company shall have the right to pay, settle or compromise any expense, claim or charge of the character enumerated in this agreement, and the voucher or other evidence of such payment shall be prima facie evidence of the propriety thereof and of the Indemnitor's liability therefore to the Company.

6. That this agreement shall not, nor shall acceptance by the Company of payment for its suretyship, nor agreement to accept, nor acceptance by it at any time of other security, nor assent by it to any act of the Indemnitor named in any suretyship obligation, or of any person acting on behalf of the Indemnitor, in any way abridge, defer or limit its right to be subrogated to any right or remedy, nor limit nor abridge any right or remedy which the Company otherwise might or may have, acquire, exercise or enforce, nor create any liability on the part of the Company which would not exist were this agreement not executed.

7. That the liability of the Indemnitor shall not be discharged by any change in penalty, amount of terms of any bond or obligation executed on the security hereof, or by any change in the Obligee therein; or by any and all alterations, modifications, renewals, continuations, and extensions thereof; and the Company is hereby authorized to correct any mistakes in and to execute any substitutes for said bonds or obligations with the same or different conditions, provisions, amounts and Obligees, it being hereby agreed that this instrument shall in all its terms apply accordingly. The Company is hereby authorized to attach hereto a copy of any bond or obligation secured by this agreement, and to fill up any blanks left herein or therein, and to correct any errors in filling up any such blanks or in the descriptions of said bonds or obligations.

8. That in the event any such bond be given in connection with a contract of the Indemnitor for construction work, the Indemnitor hereby dedicates all plant and material owned or acquired by it and used for the performance of such contract to the performance of the same and further agrees in the event of failure to complete or carry on such contract to assign and does hereby assign to the Company, all right, title and interest of the Indemnitor in and to all the tools, plant, equipment and materials of every nature and description, including as well materials purchased for or chargeable to such contract, which may be in process of construction, or storage elsewhere, or in transportation to said site; and the Indemnitor further agrees to assign and does hereby assign to said Company, all of the former's rights in and to all subcontracts which may be entered into and the materials embraced therein appertaining to said contract; and the Indemnitor further agrees in the event of any breach or default on his part in any of the provisions of said contract and/or bond that the said Company, shall be subrogated to all the rights and properties of the Indemnitor in such contract, including deferred and reserved payments, current and earned estimates and final payments, and any and all monies and securities that may be due and payable at the time of such default on said contract or any other contract of the Indemnitor or any one or more of them on which the Company is or may become surety, or on account of extra work or materials supplied in connection therewith, or that may thereafter become due and payable on account of said contract or any other contract of the Indemnitor on which the Company is or may become surety. And the Indemnitor hereby authorizes the Company to endorse in the name of the payee, and to collect any check, draft, warrant or other instrument made or issued in payment of any monies due on such contracts and to disburse the proceeds thereof.

9. If any of the Bonds are executed in connection with a contract which by its terms or by law prohibits the assignment of the contract price, or any part thereof Indemnitor and Indemnitors covenant and agree that all payments received for or on account of said contract shall be held as a trust fund in which the Surety has an interest, for the payment of obligations incurred in the performance of the contract and for labor, materials, and services furnished in the prosecution of the work provided in said contract or any authorized extension or modification thereof; and, further, it is expressly understood and declared that all monies due and to become due under any contract or contracts covered by the Bonds are trust Funds, whether in the possession of the Indemnitor or Indemnitors or otherwise, for the benefit of and for payment of all such obligations in connection with any such contract or contracts for which the Surety would be liable under any of said Bonds, which said trust also insures to the benefit of the Surety for any liability or loss it may have to sustain under any said Bonds, and this Agreement and declaration shall also constitute notice of such trust.

10. That this Agreement shall constitute a Security Agreement to the Surety and also a Financing Statement, both in accordance with the provisions of the Uniform Commercial Code of every jurisdiction wherein such Code is in effect and may be so used by the Surety without in any way abrogating, restricting or limiting the rights of the Surety under this Agreement or under law, or in equity.

11. In the event of any breach delay or default asserted by the obligee in any said Bonds, or the Indemnitor has suspended or ceased work on any contract or contracts covered by any said Bonds, or failed to pay obligations incurred in connection therewith, or in the event of the death, disappearance, Indemnitor's conviction for a felony, imprisonment, incompetency, insolvency, or bankruptcy of the Indemnitor, or the appointment of a receiver or trustee for the Indemnitor, or the property of the Indemnitor, or in the event of an assignment: for the benefit of creditors of the Indemnitor, or if any action is

taken by or against the Indemnitor under or L_____tue of the National Bankruptcy Act, or should reorgani___ n or arrangement proceedings be file_ by c_ against the Indemnitor under said Act, or if any action is taken by or against the Indemnitor under the ins_____cy laws of any state, possession, or territory of the United States the Surety shall have the right, at its option and in its sole discretion and as hereby authorized with or without exercising any other right or option conferred upon it by law or in the terms of this Agreement, to take possession of any part or all of the work under any contract or contracts covered by any said Bonds, and at the expense of the Indemnitor and Indemnitors shall promptly upon demand pay to the Surety all losses, and expenses so incurred.

12. At any time, and until such time as the liability of the Surety under any and all said Bonds is terminated, the Surety shall have the right to reasonable access to the books, records, and accounts of the Indemnitor and Indemnitors; and any bank depository, materialman, supply house, or other person, firm, or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested including, but not limited to, the status of the work under contracts being performed by the Indemnitor, the condition of the performance of such contracts and payments of accounts.

13. Unless otherwise specifically agreed in writing, the Surety may decline to execute any Bond and the Indemnitor and Indemnitors agree to make no claim to the contrary in consideration of the Surety's receiving this Agreement; and if the Surety shall execute a Bid or Proposal Bond it shall have the right to decline to execute any and all of the Bonds that may be required in connection with any award that may be made under the proposal for which the Bid or Proposal Bond is given and such declination shall not diminish or alter the liability that may arise by reason of having executed the Bid or Proposal Bond.

14. The Indemnitors hereby waive notice of the execution of said Bonds and of the acceptance of this Agreement, and the Indemnitor and the Indemnitors hereby waive all notice of any default, or any other act or acts giving rise to any claim under said Bonds, as well as notice of any and all liability of the Surety under said Bonds, and any and all liability on their part hereunder, to the end and effect that, the Indemnitor and the Indemnitors shall be and continue liable hereunder, notwithstanding any notice of any kind to which they might have been or be entitled, and notwithstanding any defenses they might have been entitled to make.

15. The Indemnitor and the Indemnitors hereby waive, so far as their respective obligations under this Agreement are concerned, all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any State, Territory, or Possession.

16. That in the event of any claim or demand being made by the Company against Indemnitor, or any one or more of the parties so designated, by reason of the execution of a bond or bonds, the Company is hereby expressly authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and such settlement or composition shall not affect the liability of any of the others, and we hereby expressly waive the right to be discharged and released by reason of the release of one or more of the joint debtors, and hereby consent to any settlement or composition that may hereafte_ b_ _de.

17. That all the terms and conditions of this agreement shall stand for the protection of any co-surety, any reinsuring company or any other surety procured by the Nova Casualty Company, whether the Nova Casualty Company does or does not execute or retain any portion of any such bond or obligation.

18. Separate suits may be brought hereunder as causes of action accrue, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising.

19. That the Indemnitor and the Indemnitors shall continue to remain bound under the terms of this Agreement even though the Surety may have from time to time heretofore or hereafter, with or without notice to or knowledge of the Indemnitor and the Indemnitors, accepted or released other agreements of Indemnity or collateral in connection with the execution or procurement of said Bonds, from the Indemnitor or Indemnitors or others, it being expressly understood and agreed by the Indemnitor and the Indemnitors that any and all other rights which the Surety may have or acquire against the Indemnitor and the Indemnitors and/or other under any such other or additional agreements of Indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded the Surety under this Agreement.

20. That application to the Company to execute or procure any such bond or obligation of suretyship may be made by the Indemnitor or the President, Vice President, Secretary, Treasurer, General Manager or any other Officer, Agent or Employee of the Indemnitor. Such applications, whether made on forms supplied by the Company or by letter, by telegraph, by personal interview or by telephone, may be regarded as sufficient and ample authority for the Company to execute or procure any such bond or obligation of suretyship.

21. In case any of the parties mentioned in this Agreement fail to execute the same, or in case the execution hereof by any of the parties be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of any of the parties executing the same, but each and every party so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed. It is understood and agreed by the Indemnitor and Indemnitors that the rights, powers, and remedies given the Surety under this Agreement shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which the Surety may have or acquire against the Indemnitor and Indemnitors or others whether by the terms of any other agreement or by operation of law or otherwise.

22. The Indemnitor and Indemnitors hereby irrevocably nominate, constitute, appoint and designate the Surety as their attorney-in-fact with the right, but not the obligation to exercise all of the rights of the Indemnitor and Indemnitors assigned, transferred and set over to the Surety in this Agreement, and in the name of the Indemnitor and Indemnitors to make, execute, and deliver any and all additional or other assignments, documents or papers deemed necessary and proper by the Surety in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the Surety under all other provisions of this Agreement. The Indemnitor and Indemnitors hereby ratify and confirm all acts and actions taken and done by the Surety as such attorney-in-fact.

23. This Agreement may be terminated by the Indemnitor or Indemnitors upon thirty days written notice sent by registered mail to the Surety at its home office at 180 Oak Street, Buffalo, N.Y. 14203-1610 but any such notice of termination shall not operate to modify, bar, or discharge the Indemnitor or the Indemnitors as to the Bonds that may have been theretofore executed.

24. The word "Indemnitor" or pronouns referring to said word appearing in this agreement, whether singular or plural, are to be construed as referring to the Indemnitor, though the Indemnitor be one or more individuals, partnerships, associations or corporations.

25. This Agreement may not be changed or modified orally. No change or modification shall be effective unless made by written endorsement executed to form a part hereof.

IN WITNESS WHERE OF, we have hereunto set our hands and seals and delivered in presence of:

CORPORATE AND ALL INDIVIDUAL SIGNATURES MUST BE ACKNOWLEDGED

(INDEMNITOR) X: _George Pacacha_ (ADDRESS) 133 Rita Dr. - Cortla WITNESS:
_____George Pacacha_____ _Mrk N4/56 7_

(INDEMNITOR) _____ (ADDRESS) _____ WITNESS: _____

(INDEMNITOR) X: _Kerry Pacacha_ (ADDRESS) 133 Rita Dr - Cortlandt WITNESS:
_____Kerry Pacacha_____ _Murry 10567_

(INDEMNITOR) _____ (ADDRESS) _____ WITNESS: _____

STATE OF ___NY___

COUNTY OF __Bronx__ } ss.:

On this __23rd__ day of __Oct.__, 20 _01_, before me personally came   George Pacacha
to me known and known to me to be the person described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me
that he executed the same

_Adam E. Kintish_   ADAM E. KINTISH
Notary Public        NOTARY PUBLIC, STATE OF NEW YORK
                     NO. 01KI6001586
                     QUALIFIED IN WESTCHESTER COUNTY
                     COMMISSION EXPIRES JANUARY 20, 2000

STATE OF ___NY___

COUNTY OF __Bronx__ } ss.:

On this __23rd__ day of __Oct.__, 20 _01_, before me personally came   Kerry Pacacha
to me known and known to me to be the person described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me
that he executed the same

_Adam E. Kintish_   ADAM E. KINTISH
/ Notary Public      NOTARY PUBLIC, STATE OF NEW YORK
                     NO. 01KI6001586
                     QUALIFIED IN WESTCHESTER COUNTY
                     COMMISSION EXPIRES JANUARY 20, 2000

STATE OF _____

COUNTY OF_____ } ss.:

On this _____ day of _____, 20____, before me personally came_____
to me known and known to me to be the person described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me
that he executed the same

_____
Notary Public

STATE OF _____

COUNTY OF_____ } ss.:

On this _____ day of _____, 20____, before me personally came_____
to me known and known to me to be the person described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me
that he executed the same

_____
Notary Public

STATE OF _____

COUNTY OF_____ } ss.:

On this _____ day of _____, 20____, before me personally came_____
to me known and known to me to be the person described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me
that he executed the same

_____
Notary Public

STATE OF _____

COUNTY OF_____ } ss.:

On this _____ day of _____, 20____, before me personally came_____
to me known and known to me to be the person described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me
that he executed the same

_____
Notary Public

Nova Casualty Company

_____

## For Acknowledgment of Surety

STATE OF _____

COUNTY OF_____ } ss.:

On this _____ day of _____, in the year 20_____, before me personally comes

to me known, who, being by me duly sworn, deposes and says that he resides in the City of_____
that he is the _____
the corporation described in and which executed the foregoing instrument; that he knows the seal of the said corporation; that the seal affixed to the said
instrument is such corporate seal; that it was so affixed by the order of the Board of Directors of said corporation, and that he signed his name thereto by
like order.

_____
(Notary Public)

(INDEMNITOR) _____ (ADDRESS) _____ WITNESS: _____

(INDEMNITOR) _____ (ADDRESS) _____ WITNESS: _____

(INDEMNITOR) _____ (ADDRESS) _____ WITNESS: _____

(INDEMNITOR) _____ (ADDRESS) _____ WITNESS: _____

(PARTNERSHIP)

By _____          By _____

PARTNER                          PARTNER

(Affix Corporate Seal)      Tech-Elec Electrical Contractors
                            Corp.        (NAME OF CORPORATION)

Attest: _____     By X: _Kerry Pacacha_ Pres.

SECRETARY                   Kerry Pacacha, President    PRESIDENT

(Affix Corporate Seal)
                            (NAME OF CORPORATION)

Attest: _____     By _____

SECRETARY                                          PRESIDENT

SIGNED, and sealed and delivered this _____ day of _____, 20_____

STATE OF __NY_____
COUNTY OF _____ } ss.:

On this __23rd__ day of __October__, 20_01_, before me personally appeared __Kerry Pacacha__
to me known, who, being by me duly sworn, did depose and say: that he resided in the __State of NY__
that he is the __President_____ of __Tech-Elec Electrical__ the corporation
described in and which executed the foregoing instrument that he knew the seal of said corporation; that the seal affixed to said instrument was such
corporate seal; that it was affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

ADRIAN E. KINTISH
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01KI6001686
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES JANUARY 20, 2002

_Adrian E. Kintish_____
Notary Public

STATE OF _____
COUNTY OF _____ } ss.:

On this _____ day of _____, 20_____, before me personally appeared _____
to me known, who, being by me duly sworn, did depose and say: that he resided in the _____
that he is the _____ of _____ the corporation
described in and which executed the foregoing instrument that he knew the seal of said corporation; that the seal affixed to said instrument was such
corporate seal; that it was affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by like order.

_____
Notary Public

STATE OF _____
COUNTY OF _____ } ss.:

On this _____ day of _____, 20_____, before me personally came _____
to me known and known to me to be the partner described in and who executed the foregoing instrument, and he thereupon duly acknowledged to me
that he executed the same.

_____
Notary Public

Bond No 46835

## SURETY BOND FOR PAYMENT OF WELFARE, PENSION, ANNUITY, JOINT APPRENTICESHIP TRAINING, VACATION AND PAID HOLIDAY, LMCC, SUB, WAGES, $200.00 SCHOLARSHIP FUND AND THE NATIONAL ELECTRICAL BENEFIT FUND.

KNOW ALL MEN BY THESE PRESENT

That we __Tech-Elec Electrical Contractors__ as Principal
Name and Address of Employer
P.O. Box 110, Peekskill, N.Y. 10566

and __NOVA CASUALTY COMPANY__ as Surety
Name of Surety Company

are held and firmly bound directly unto the International Brotherhood of Electrical Workers Local Union 363, the Trustees of the IBEW Local Union 363 Welfare Fund, the Trustees of the IBEW Local Union 363 Pension Fund, the Trustees of the IBEW Local Union 363 Annuity Fund, the Trustees of the IBEW Local Union 363 Joint Apprenticeship Training Fund, the Trustees of the IBEW Local Union 363 Vacation and Paid Holiday Fund, the Trustees of the IBEW Local Union 363 Labor Management Cooperative Committee, the Supplement Unemployment Benefit, the National Electrical Benefit Fund and the IBEW Local Union 363 Scholarship Fund as Obligees in the sum of $50,000.00 for the payment of which well and truly to be made, we bind ourselves, our successors and assigns jointly and severally firmly by these present.

WHEREAS, the Principal (Employer) and said Local Union 363 IBEW have heretofore entered into a Collective Bargaining Agreement under the terms of which the principal is required to make periodic payments of fringe benefits consisting of contributions for the Pension Fund, Welfare Fund, Annuity Fund, Vacation and Paid Holiday Fund, Joint Apprenticeship Training Fund, LMCC, SUB, Local 363 IBEW Scholarship Fund, and the National Electrical Benefit Fund for the term of said Agreement beginning

__11/5/2003__          AND ENDING __11/5/2004__

and the said Principal has been required to furnish a surety bond guaranteeing the payment of such contributions.

NOW THEREFORE, the Surety hereby agrees as follows:

1. The liability of the Surety shall continue until all payments are made by the Principal to the Obligees under the terms and provisions of the Collective Bargaining Agreement referred to herein.

2. The whole of this Surety Bond is set forth herein, and there is no verbal or other written agreement, and no understanding or custom effecting the terms hereof. This Surety Bond can be modified only in writing.

3. This Surety Bond is made and delivered and shall be construed pursuant to the laws of the State of New York.

4. It is a condition of this obligation that if the Principal shall pay, or cause to be paid each and every contribution or payment of said Obligees in accordance with the terms and provisions of said Collective Bargaining Agreement, then this obligation shall be null and void, otherwise to remain in full force and effect.

SUBJECT TO THE FOLLOWING CONDITIONS:

1. That the Surety may cancel its liability as to future assessments under this bond by furnishing 60 days written notice by registered or certified mail to the Obligee of its intentions to cancel the bond at the expiration of such 60 day period in which event the liability of the Surety shall at the expiration of the 60 day period cease and terminate except as to such liability of the principal as may have accrued prior to the termination date.

2. That the liability of the Surety under this bond to the Obligee for one or more defaults of the employer shall not exceed in the aggregate the sum of this bond.

Signed, sealed and dated this __22nd__ date of __March__, __2004__

__Tech-Elec Electrical__          __NOVA CASUALTY COMPANY__
Principal Employer Contractors    Surety Company

BY: _____         BY: _____
              TITLE                              TITLE
                                    Matthew Clarke, Attorney In Fact

2001


**NOVA CASUALTY COMPANY**

180 Oak Street
Buffalo, New York 14203-1691
(716) 856-3722

## POWER OF ATTORNEY

No. 46855

Know all men by these Presents, that the NOVA CASUALTY COMPANY, a corporation of the State of New York, having its principal offices in the City of Buffalo, New York, does make, constitute and appoint

*** MATTHEW CLARKE ***

its true and lawful Attorney(s)-in-fact, to make, execute, seal and deliver for and on its behalf, as surety, and as its act and deed, any and all bonds, undertakings and contracts of suretyship, provided that no bond or undertaking or contract of suretyship executed under this authority shall exceed in amount the sum of

*** NOT TO EXCEED Two Hundred Fifty Thousand Dollars ($250,000.00) ***

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of NOVA CASUALTY COMPANY at a meeting duly called and held on the 18th day October, 1993.

"RESOLVED, that the President and Vice President, the Secretary or Treasurer, acting individually or otherwise, be and they hereby are granted the power and authority to appoint by a Power of Attorney for the purposes only of executing and attesting bonds and undertakings, and other writings obligatory in the nature thereof, one or more resident vice presidents, assistant secretaries and attorneys-in-fact, each appointee to have the powers and duties usual to such offices to the business of this company; the signature of such officers and seal of the Company, may be affixed to any such power of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company, and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking or other writing obligatory in the nature thereof to which it is attached. Any such appointment may be revoked, because of without cause, by any of said officers, at any time."

In Witness Whereof, the NOVA CASUALTY COMPANY has caused these presents to be signed by its officer undersigned and its corporate seal to be hereto affixed duly attested by its Secretary, this 21st day of October, 1993.

Attest:

NOVA CASUALTY COMPANY

Harshal Acharya, Secretary

Norman F. Ernst, President

STATE OF NEW YORK
COUNTY OF ERIE

On the 21st day of October, 1993, before me personally came Norman F. Ernst, to me known, who, being by me duly sworn, did depose and say, that he resides in the County of Erie, State of New York, that he is the President of NOVA CASUALTY COMPANY, the corporation described in and which executed the above instrument; that he knows the seal of the said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that he signed his name thereto by like order.

STATE OF NEW YORK
COUNTY OF ERIE

Kathleen A. Courtney
Notary Public, Erie Co., NY
My Commission Expires July 25, 1994

### CERTIFICATE

I, the undersigned, duly elected to the office stated below, now the incumbent in NOVA CASUALTY COMPANY, a New York Corporation, authorized to make this certificate, DO HEREBY CERTIFY that the foregoing attached Power of Attorney remains in full force and has not been revoked; and furthermore that the Resolution of the Board of Directors, set forth in the Power of Attorney, is now in force.

Signed and Sealed at the City of Buffalo. Dated the _____ day of _____ March _____ 2004

Christopher C. Hoover, Treasurer

This power is valid only if the power of attorney number, printed in the upper right hand corner, appears inked. Photocopies, carbon copies or other reproductions are not binding on the company. Inquiries concerning this power of attorney may be directed to the Bond Manager at the

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

COUNSELORS AT LAW

425 BROADHOLLOW ROAD, SUITE 405

P.O. BOX 9064

MELVILLE, NEW YORK  11747-9064

631-249-6565

FACSIMILE: 631-777-6906

E-MAIL: meyersuozzi@msek.com

WEBSITE: http://www.msek.com

BERNARD S. MEYER
JOSEPH A. SUOZZI
JOHN F. ENGLISH (1960-1987)
BASIL A. PATERSON
JEFFREY G. STARK
JOHN V. N. KLEIN
HAROLD ICKES
ROBERT M. ARCHER
BRIAN MICHAEL SELTZER
RICHARD G. FROMEWICK
LOIS CARTER SCHLISSEL
MICHAEL A. CIAFFA
BARRY J. PEEK
JACK RUBINSTEIN
RICHARD D. WINSTEN
ANDREW J. TURRO
A. THOMAS LEVIN[2,6]
JULES B. LEVINE
EDWARD J. GUTLEBER
LOWELL PETERSON
DONNALYNN DARLING
PATRICIA GALTERI
RICHARD N. GILBERG[1]
IRWIN BLUESTEIN
JOHN H. BYINGTON III
RICHARD F.X. QUAY
LAWRENCE E. SCHERER[9]
JACK G. RUSSO
RICHARD S. CORENTHAL
PATRICIA MCCONNELL
KEVIN SCHLOSSER
HANAN B. KOLKO
BARRY R. SHAPIRO
ERICA B. GARAY
JILL ROSEN NIKOLOFF
HOWARD B. KLEINBERG[7]
ROBERT J. GAFFNEY
MARTY G. GLENNON
NATHANIEL L. CORWIN
RICHARD A. BROOK

JAMES T. ROCHFORD[7]
ELIZABETH A. FAUGHNAN[7]
STEVEN E. STAR
ROBERT MARINOVIC
LAURA FALABELLA-REICH
JAYSON J.R. CHOI[1]
ERICA C. GRAY-NELSON[10]
V. MATTHEW GROH[7]
ROBERT C. SPROULE[11]
BRIAN S. STOLAR[10]
STELLA LELLOS[4]
PETER E. BLOND
ROBERT C. ANGELILLO[10]
CRISTINA D. JUDICE
XANIA V. SEDHOM[10]
ANTOINETTE L. SCHINDEL
KIERAN X. BASTIBLE
ANTHONY LUMIA[10]

COUNSEL
ANNE J. DEL CASINO[5]
THOMAS F. HARTNETT[2]
JORDAN ROSSEN[8]
LINDA E. RODD
JOHN B. ZOLLO
ROBERT T. MCGOVERN[10]
LYNN M. BROWN

OF COUNSEL
DITCHIK & DITCHIK, LLP

SENIOR ADVISOR GOVERNMENT AFFAIRS
JANICE ANN ENRIGHT[3]

THE ICKES & ENRIGHT GROUP[4]

ALSO ADMITTED WASHINGTON D.C.
MEMBER NEW JERSEY BAR ONLY
REGISTERED NY STATE LOBBYIST
NON-ATTORNEY
REGISTERED WASHINGTON D.C. LOBBYIST
ALSO ADMITTED FLORIDA
ALSO ADMITTED US VIRGIN ISLANDS
ALSO ADMITTED CONNECTICUT
ALSO ADMITTED MICHIGAN
ALSO ADMITTED CALIFORNIA
ALSO ADMITTED NEW JERSEY
ALSO ADMITTED INDIANA

MINEOLA OFFICE
1505 KELLUM PLACE
P.O. BOX 803
MINEOLA, NEW YORK  11501-0803
516-741-6565
FACSIMILE: 516-741-6706

ALBANY OFFICE
ONE COMMERCE PLAZA
SUITE 1102
ALBANY, NEW YORK  12260
518-465-5551
FACSIMILE: 518-465-2033

WASHINGTON D.C. OFFICE
1300 CONNECTICUT AVENUE, N.W.
SUITE 600
WASHINGTON, D.C.  20036
202-955-6340
FACSIMILE: 202-223-0358

NEW YORK CITY OFFICE
1350 BROADWAY, STE 501
P.O. BOX 822
NEW YORK, NEW YORK  10018-0026
212-239-4999
FACSIMILE: 212-239-1311

## SECOND  NOTICE

September 17, 2004

**VIA FACSIMILE TRANSMISSION**
**716-855-1240 AND CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
Nova Casualty Company
180 Oak Street
Buffalo, NY 14203

Re:  Principal:  Tech-Elec Electrial Contractors
     Obligee:    International Brotherhood of Electrical Workers
                IBEW, Local 363 Fringe Benefit Funds
     Bond No.:  46835
     Our File #:  13817.12

Dear Sir/Madam:

    Enclosed herewith, please find your Bond No.: 46835 presented on behalf of your principal, Tech-Elec Electrial Contractors.  Earlier correspondence was sent to your attention August 25, 2004.  This is to advise you that your principal is currently in default in the amount of $72,498.12.  As a result, the above-mentioned Funds hereby notify you of claim against your principal's Bond.

    Please forward to the undersigned the necessary paperwork and releases necessary for payment under the aforementioned bond.

    Should you have any questions regarding this matter, please contact the undersigned.

                Very truly yours,

                Marty Glennon

MG:lo
Enclosure
cc:  Joseph Maraia
     Rose Pelletier
470701

**TECH. ELEC. ELECTRICAL**
194 Robinson Lane
Wappingers Falls, N.Y. 12590

**2004**

DATE UPDATED 09/16/04

| PERIOD | GROSS | HOURS | WELFARE | PENSION | ANNUITY | VACATION | JATC | LMCC | SUB | WORK DUES | NLMCC | AMF | NEBF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| January | 25,887.20 | 712.00 | 56.00 | 172.40 | 204.00 | 529.63 | 155.38 | 22.26 | 222.60 | 449.90 | 6.80 | 20.40 | 742.54 |
| February | 26,520.15 | 805.50 | 3,853.00 | 1,541.20 | 2,554.00 | 2,554.00 | 691.36 | 41.61 | 389.70 | 767.98 | 6.94 | 20.81 | 691.34 |
| March | 24,227.20 | 744.00 | 2,648.00 | 1,059.20 | 1,752.00 | 1,752.00 | 487.69 | 29.28 | 268.80 | 540.25 | 4.88 | 14.64 | 487.68 |
| April | 19,318.65 | 596.00 | 2,612.75 | 1,008.15 | 1,477.75 | 1,477.75 | 422.85 | 26.16 | 229.65 | 487.18 | 4.29 | 12.87 | 414.65 |
| May | 17,550.59 | 498.00 | 1,790.00 | 691.00 | 1,024.00 | 1,024.00 | 300.06 | 15.96 | 154.80 | 330.78 | 2.66 | 7.98 | 300.05 |
| June | 21,468.00 | 565.00 | 1,995.00 | 769.50 | 1,140.00 | 1,140.00 | 323.64 | 17.10 | 171.00 | 351.84 | 5.65 | 16.95 | 644.04 |
| JULY | 17,247.76 | 442.00 | 1,193.40 | 1,768.00 | 1,024.00 | 1,024.00 | 517.43 | 26.52 | 265.20 | 570.47 | 4.42 | 13.26 | 511.43 |
| 8/4/04 (Act) | 4,638.00 | 120.00 | 840.00 | 324.00 | 480.00 | 480.00 | 139.14 | 7.20 | 72.00 | 163.54 | 1.20 | 3.60 | 139.14 |
| 8/11-25 (Est) | 17,874.00 | 480.00 | 3,360.00 | 1,296.00 | 1,920.00 | 1,920.00 | 536.22 | 28.80 | 208.00 | 593.82 | 4.80 | 14.40 | 536.22 |
| 9/1-9/15 (Est) | 16,682.40 | 448.00 | 3,136.00 | 1,209.60 | 1,792.00 | 1,792.00 | 500.47 | 26.88 | 268.80 | 554.23 | 4.48 | 13.44 | 500.47 |
| TOTAL | 175,267.95 | 4,992.50 | 20,458.75 | 8,135.85 | 12,439.75 | 12,765.28 | 3,589.86 | 216.69 | 2,079.75 | 4,251.45 | 41.94 | 125.81 | 4,489.18 |

*Lakeview Job Benefits being paid by Helmer Cronin [handwritten note, illegible]*

| | WELFARE | PENSION | ANNUITY | VACATION | JATC | LMCC | SUB | DUES | NLMCC | AMF | NEBF |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Owed 63,937.38 UNION | | | | | | | | | 0.00 | 0.00 | 0.00 |
| Total Owed 4,656.93 NEBF | | | | | | | | | | | |

**TOTAL OWED FOR 2003/2004**

| | WELFARE | PENSION | ANNUITY | VACATION | JATC | LMCC | SUB | DUES | NLMCC | AMF | NEBF |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/1/03-12/31/03 | 20,458.75 | 8,135.85 | 12,439.75 | 12,765.28 | 3,589.86 | 216.69 | 2,079.75 | 4,251.45 | 35.91 | 107.72 | 3760.18 |
| 1/1/04-7/21/04 | | | | | | | | | 41.94 | 125.81 | 4,489.18 |
| TOTAL | 20,458.75 | 8,135.85 | 12,439.75 | 12,765.28 | 3,589.86 | 216.69 | 2,079.75 | 4,251.45 | 77.85 | 233.53 | 8,249.36 |

**TOTAL 72,498.12**

09/16/04

# CONTRACTOR REPORT FOR COLLECTIONS
## I.B.E.W. LOCAL UNION #363
### 2003

TECH. ELEC. ELECTRICAL
194 Robinson Lane
Wappingers Falls, N.Y. 12590

| PERIOD | GROSS | HOURS | WELFARE | PENSION | ANNUITY | VACATION | JATC | LMCC | SUB | WORK DUES | NLMCC | AMF | NEBF |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/03/03 | 8,629.28 | 273.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.73 | 8.19 | 258.88 |
| 09/10/03 | 11,401.60 | 329.00 | | | | | | | | | 3.29 | 9.87 | 342.05 |
| 09/17/03 | 8,239.60 | 227.00 | | | | | | | | | 2.27 | 6.81 | 247.19 |
| 09/24/03 | 7,916.60 | 217.00 | | | | | | | | | 2.17 | 6.51 | 237.50 |
| TOTAL | 36,187.08 | 1,046.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10.46 | 31.38 | 1,085.61 |
| 10/01/03 | 8,588.50 | 232.50 | | | | | | | | | 2.33 | 6.98 | 257.66 |
| 10/08/03 | 7,724.60 | 210.00 | | | | | | | | | 2.10 | 6.30 | 231.74 |
| 10/15/03 | 8,121.60 | 224.00 | | | | | | | | | 2.24 | 6.72 | 243.65 |
| 10/22/03 | 6,770.00 | 195.00 | | | | | | | | | 1.95 | 5.85 | 203.10 |
| 10/29/03 | 6,503.20 | 189.00 | | | | | | | | | 1.89 | 5.67 | 195.10 |
| TOTAL | 37,707.90 | 1,050.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10.51 | 31.52 | 1,131.24 |
| 11/05/03 | 7,210.80 | 216.00 | | | | | | | | | 2.16 | 6.48 | 216.32 |
| 11/12/03 | 3,194.40 | 104.00 | | | | | | | | | 1.04 | 3.12 | 95.83 |
| 11/19/03 | 6,296.70 | 198.00 | | | | | | | | | 1.98 | 5.94 | 188.90 |
| 11/26/03 | 6,463.20 | 186.00 | | | | | | | | | 1.86 | 5.58 | 193.90 |
| TOTAL | 23,165.10 | 704.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7.04 | 21.12 | 694.95 |
| 12/03/03 | 4,243.20 | 120.00 | | | | | | | | | 1.20 | 3.60 | 127.30 |
| 12/10/03 | 7,032.80 | 192.00 | | | | | | | | | 1.92 | 5.76 | 210.98 |
| 12/17/03 | 6,736.00 | 192.00 | | | | | | | | | 1.92 | 5.76 | 202.08 |
| 12/24/03 | 5,913.80 | 166.00 | | | | | | | | | 1.66 | 4.98 | 177.41 |
| 12/31/03 | 4,353.60 | 120.00 | | | | | | | | | 1.20 | 3.60 | 130.61 |
| TOTAL | 28,279.40 | 790.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7.90 | 23.70 | 848.38 |
| TOTAL | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 35.91 | 107.72 | 3,760.18 |

Vacation & Annuity Paid

| | UNION | NEBF |
|---|---|---|
| Total Owed | 0.00 | 3,903.80 |
| Total Owed | 0.00 | |

NOVA CASUALTY COMPANY
SURETY CLAIM GUIDELINES

### Intra-Form Page 1

#### SURETY CHECK ISSUANCE INSTRUCTION SHEET

CLAIM NUMBER: _49 - 330_

PRINCIPAL: _Tech - Elec_

| LAIM NO. | NAME INSURED | | CHECK NO. | | | | |
|---|---|---|---|---|---|---|---|
| | TECH ELEC ELECTRICAL | | D **0087486** | | **NOVA** | | 50-682/213 |
| OLICY NO. | NATURE OF PAYMENT | | | | NOVA CASUALTY COMPANY | | |
| NY 1842835 | PAYMENT | | | | 180 OAK STREET | | |
| ATE ISSUED | NAME OF CLAIMANT | | DATE ACC/LOSS | | BUFFALO, NEW YORK 14203 | | |
| 01/21/05 | TECH ELEC ELECTRICAL | | 01/01/05 | | 000087486 | | |

FIFTY THOUSAND 00/100 ****************************************

HSBC BANK USA
ONE HSBC CENTER
BUFFALO, NY 14203

Claims Account
**$50,000.00**
Void 6 Months From Date Of Issue

To order of

I.B.E.W. LOCAL UNION 363
C/O MARTY GLENNON, LEW MEYER, SUOZZI & ENGLISH
PO BOX 9064
MELVILLE            NY  11747-964

**NON NEGOTIABLE**
AUTHORIZED SIGNATURES
**CLAIM FILE**

"087486" ":021306822": 797"01031"9"

NAME: _____

ADDRESS: _____

PAYMENT
AMOUNT: $ _50,000.00_

#### FOR MAILING TO PERSON OTHER THAN PAYEE

NAME: _Marty Glennon, Esq._

ADDRESS: _Meyer, Suozzi, English_
_PO Box 9064, Melville NY 11747-9064_

#### SPECIAL INSTRUCTIONS

OVERNIGHT:   Y or N          ATTACHMENTS:   Y or N
OTHER:
REQUESTER: _JPM_          DATE: _1/20/05_

APPROVAL: _____          DATE: _____
DATE CHECK ISSUED: _____          BY: _____

58

# The Law Offices of
# Neil B. Connelly

Sharon M. Edwards, Esq.

99 Church Street
White Plains, New York 10601-1505

Telephone 914-328-4100
Facsimile 914-684-0401

February 9, 2005

*Via Certified Mail-RRR*
Mr. George Pacacha
133 Rita Drive
Cortlandt Manor, New York 10567

Re:     Surety:  Nova Casualty Company
        Principal: Tech-Elec Electrical Contractors Corp.
        Obligee:  International Brotherhood of Electrical Workers Local Union 363,
        Fringe Benefits Funds ("Local Union 363 IBEW")
        Bond No.: NYMS46835

Dear Mr. Pacacha:

        I am the attorney for Nova Casualty Company ("Nova"), the surety on Union Fringe Benefit Payment Bond No. NYMS46835, issued at the instance and request of Tech-Elec Electrical Contractors Corp., in the penal sum of $50,000.00.  A claim was filed against that bond by Local Union 363 IBEW, resulting in a payment by Nova to Local Union 363 IBEW in the sum of $50,000.00.

        Pursuant to the provisions of the General Agreement of Indemnity executed by you in your individual capacity on October 23, 2001, demand is hereby made that you make immediate payment to Nova in the sum of $52,000.00, so that Nova may be reimbursed for its costs and expenses in this matter.  Please remit payment to Nova by or before Monday, February 21, 2005.

        Any check so tendered shall be drawn, in the form of a certified check, on an account of a United States Bank and be made payable to Nova Casualty Company, and shall be delivered to the attorney for Nova, The Law Offices of Neil B. Connelly, 99 Church Street, 4th Floor, White Plains, NY 10601-1505.  The above-demanded sum includes a portion of the attorney's fees incurred by Nova to date.

        In the event that this obligation remains unsatisfied beyond February 21, 2005,

Nova will pursue its available legal remedies.

Very truly yours,

Sharon M. Edwards

cc: Gregory G. O'Mahony, Nova Casualty

# The Law Offices of
# Neil B. Connelly

Sharon M. Edwards, Esq.

99 Church Street
White Plains, New York 10601-1505

Telephone 914-328-4100
Facsimile 914-684-0401

February 9, 2005

***Via Certified Mail-RRR***
Ms. Kerry Pacacha
133 Rita Drive
Cortlandt Manor, New York 10567

Re:    Surety:  Nova Casualty Company
       Principal:  Tech-Elec Electrical Contractors Corp.
       Obligee:  International Brotherhood of Electrical Workers Local Union 363,
       Fringe Benefits Funds ("Local Union 363 IBEW")
       Bond No.: NYMS46835

Dear Ms. Pacacha:

      I am the attorney for Nova Casualty Company ("Nova"), the surety on Union Fringe Benefit Payment Bond No. NYMS46835, issued at the instance and request of Tech-Elec Electrical Contractors Corp., in the penal sum of $50,000.00. A claim was filed against that bond by Local Union 363 IBEW, resulting in a payment by Nova to Local Union 363 IBEW in the sum of $50,000.00.

      Pursuant to the provisions of the General Agreement of Indemnity executed by you in your individual capacity on October 23, 2001, demand is hereby made that you make immediate payment to Nova in the sum of $52,000.00, so that Nova may be reimbursed for its costs and expenses in this matter. Please remit payment to Nova by or before Monday, February 21, 2005.

      Any check so tendered shall be drawn, in the form of a certified check, on an account of a United States Bank and be made payable to Nova Casualty Company, and shall be delivered to the attorney for Nova, The Law Offices of Neil B. Connelly, 99 Church Street, 4th Floor, White Plains, NY 10601-1505. The above-demanded sum includes a portion of the attorney's fees incurred by Nova to date.

      In the event that this obligation remains unsatisfied beyond February 21, 2005,

Nova will pursue its available legal remedies.

Very truly yours,

/Sharon M. Edwards

cc: Gregory G. O'Mahony, Nova Casualty

# The Law Offices of
# Neil B. Connelly

Sharon M. Edwards, Esq.

99 Church Street
White Plains, New York 10601-1505

Telephone 914-328-4100
Facsimile 914-684-0401

February 9, 2005

*__Via Certified Mail-RRR__*
Ms. Kerry Pacacha
President
Tech-Elec Electrical Contractors Corp.
194 Robinson Lane
Wappingers Falls, New York 12590

Re:    Surety:  Nova Casualty Company
       Principal:  Tech-Elec Electrical Contractors Corp.
       Obligee:  International Brotherhood of Electrical Workers Local Union 363,
       Fringe Benefits Funds ("Local Union 363 IBEW")
       Bond No.: NYMS46835

Dear Ms. Pacacha:

I am the attorney for Nova Casualty Company ("Nova"), the surety on Union Fringe Benefit Payment Bond No. NYMS46835, issued at the instance and request of Tech-Elec Electrical Contractors Corp. ("Tech Electrical"), in the penal sum of $50,000.00. A claim was filed against that bond by Local Union 363 IBEW, resulting in a payment by Nova to Local Union 363 IBEW in the sum of $50,000.00.

Pursuant to the provisions of the General Agreement of Indemnity executed by you in your capacity as President of Tech Electrical on October 23, 2001, demand is hereby made that Tech Electrical make immediate payment to Nova in the sum of $52,000.00, so that Nova may be reimbursed for its costs and expenses in this matter. Please remit payment to Nova by or before Monday, February 21, 2005.

Any check so tendered shall be drawn, in the form of a certified check, on an account of a United States Bank and be made payable to Nova Casualty Company, and shall be delivered to the attorney for Nova, The Law Offices of Neil B. Connelly, 99 Church Street, 4th Floor, White Plains, NY 10601-1505. The above-demanded sum includes a portion of the attorney's fees incurred by Nova to date.

In the event that this obligation remains unsatisfied beyond February 21, 2005,

Nova will pursue its available legal remedies.

Very truly yours,

Sharon M. Edwards

cc: Gregory G. O'Mahony, Nova Casualty

# The Law Offices of
# Neil B. Connelly

Sharon M. Edwards, Esq.

99 Church Street
White Plains, New York 10601-1505

Telephone 914-328-4100
Facsimile 914-684-0401

February 9, 2005

**_Via Certified Mail-RRR_**
Ms. Kerry Pacacha
President
Tech-Elec Electrical Contractors Corp.
P.O. Box 1110
Peekskill, New York 10566

Re:    Surety:  Nova Casualty Company
       Principal:  Tech-Elec Electrical Contractors Corp.
       Obligee:  International Brotherhood of Electrical Workers Local Union 363,
       Fringe Benefits Funds ("Local Union 363 IBEW")
       Bond No.: NYMS46835

Dear Ms. Pacacha:

I am the attorney for Nova Casualty Company ("Nova"), the surety on Union Fringe Benefit Payment Bond No. NYMS46835, issued at the instance and request of Tech-Elec Electrical Contractors Corp. ("Tech Electrical"), in the penal sum of $50,000.00.  A claim was filed against that bond by Local Union 363 IBEW, resulting in a payment by Nova to Local Union 363 IBEW in the sum of $50,000.00.

Pursuant to the provisions of the General Agreement of Indemnity executed by you in your capacity as President of Tech Electrical on October 23, 2001, demand is hereby made that Tech Electrical make immediate payment to Nova in the sum of $52,000.00, so that Nova may be reimbursed for its costs and expenses in this matter. Please remit payment to Nova by or before Monday, February 21, 2005.

Any check so tendered shall be drawn, in the form of a certified check, on an account of a United States Bank and be made payable to Nova Casualty Company, and shall be delivered to the attorney for Nova, The Law Offices of Neil B. Connelly, 99 Church Street, 4th Floor, White Plains, NY 10601-1505.  The above-demanded sum includes a portion of the attorney's fees incurred by Nova to date.

In the event that this obligation remains unsatisfied beyond February 21, 2005,

Nova will pursue its available legal remedies.

Very truly yours,

Sharon M. Edwards

cc: Gregory G. O'Mahony, Nova Casualty