UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NOVA CASUALTY COMPANY,

                         Plaintiff,

          -against-

TECH-ELEC ELECTRICAL CONTRACTORS CORP., GEORGE PACACHA, KERRY PACACHA, TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 363 FRINGE BENEFIT FUND, WELFARE FUND, PENSION FUND, ANNUITY FUND, and JOHN MARAIA, as Business Manager, ROSE PELLETIER, as Secretary, and TRUSTEES OF THE NATIONAL ELECTRIC BENEFIT FUND,

                        Defendants.
------------------------------------------------------------------x

**ANSWER TO AMENDED COMPLAINT and CROSS-CLAIM AGAINST TECH-ELEC ELECTRICAL CONTRACTORS CORP., GEORGE PACACHA, and KERRY PACACHA**

7:08-cv-02534 (CLB) (LMS)

      Defendants, sued herein as TRUSTEES OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 363 FRINGE BENEFIT FUND, WELFARE FUND, PENSION FUND, ANNUITY FUND, and JOHN MARAIA, as Business Manager, and ROSE PELLETIER, as Secretary, by and through their attorneys, Archer, Byington, Glennon & Levine, LLP (collectively, the Local 363 ERISA Fund Defendants), answer plaintiffs' Amended Complaint as follows:

      1.     The Local 363 ERISA Defendants lack knowledge or information sufficient to form a belief concerning the allegations in ¶ 1 of the Amended Complaint.

      2.     The Local 363 ERISA Defendants lack knowledge or information sufficient to form a belief concerning the allegations in ¶ 2 of the Amended Complaint.

      3.     The Local 363 ERISA Defendants lack knowledge or information sufficient to form a belief concerning the allegations in ¶ 3 of the Amended Complaint.

4. The Local 363 ERISA Defendants lack knowledge or information sufficient to form a belief concerning the allegations in ¶ 4 of the Amended Complaint.

5. Deny the allegations in ¶ 5 of the Amended Complaint, except admit that the Trustees of the IBEW Local 363 Pension, Welfare, and Annuity Funds are trustees of multi-employer funds organized and operated in accordance with 29 U.S.C. § 186 (c)(5).

6. The Local 363 ERISA Defendants deny the allegations in ¶ 6 of the Amended Complaint, except admit that the IBEW Local 363 Pension, Welfare, and Annuity Funds are multiemployer benefit plans under ERISA.

7. The Local 363 ERISA Defendants deny the allegations in ¶ 7 of the Amended Complaint.

8. The Local 363 ERISA Defendants deny the allegations in ¶ 8 of the Amended Complaint, except admit that John Maraia is the Business Manager of IBEW Local Union No. 363.

9. The Local 363 ERISA Defendants deny the allegations in ¶ 9 of the Amended Complaint, except admit that Rose Pelletier is employed by the IBEW Local 363 Pension, Welfare, and Annuity Funds as a benefits coordinator.

10. The Local 363 ERISA Defendants lack knowledge or information sufficient to form a belief concerning the allegations in ¶ 10 of the Amended Complaint.

11. The Local 363 ERISA Defendants lack knowledge or information sufficient to form a belief concerning the allegations in ¶ 11 of the Amended Complaint.

12. The Local 363 ERISA Defendants lack knowledge or information sufficient to form a belief concerning the allegations in ¶ 12 of the Amended Complaint.

13. The Local 363 ERISA Defendants deny the allegations in ¶ 13 of the Amended Complaint, except admit that at all times material hereto defendants Tech-Elec Electrical Contractors Corp., was been a party to a collective bargaining agreement with IBEW Local Union No. 363, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

14. The Local 363 ERISA Defendants deny the allegations in ¶ 14 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

15. The Local 363 ERISA Defendants deny knowledge or information sufficient to form a belief concerning the allegations in ¶ 15 of the Amended Complaint and respectfully refer the Court to the document referenced therein for its meaning and effect.

16. The Local 363 ERISA Defendants deny the allegations in ¶ 16 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

17. The Local 363 ERISA Defendants deny the allegations in ¶ 17 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

18. The Local 363 ERISA Defendants deny the allegations in ¶ 18 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

19. The Local 363 ERISA Defendants deny the allegations in ¶ 19 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

## AS AND FOR THE FIRST CAUSE OF ACTION

20. Repeat their responses to the allegations to the Amended Complaint set forth above.

21. The Local 363 ERISA Defendants deny the allegations in ¶ 21 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

22. The Local 363 ERISA Defendants deny the allegations in ¶ 22 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

23. The Local 363 ERISA Defendants deny the allegations in ¶ 23 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

24. The Local 363 ERISA Defendants deny the allegations in ¶ 24 of the Amended Complaint, except admit the employer owed the Funds delinquent contributions.

25. The Local 363 ERISA Defendants deny the allegations in ¶ 25 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

26. The Local 363 ERISA Defendants admit the allegations in ¶ 26 of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 27 of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 28 of the Amended Complaint.

29. The Local 363 ERISA Defendants deny the allegations in ¶ 29 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

30. The Local 363 ERISA Defendants deny the allegations in ¶ 30 of the Amended Complaint.

31. The Local 363 ERISA Defendants admit the allegations in ¶ 31 of the Amended Complaint.

32. The Local 363 ERISA Defendants deny the allegations in ¶ 32 of the Amended Complaint.

33. The Local 363 ERISA Defendants deny the allegations in ¶ 33 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

34. The Local 363 ERISA Defendants deny the allegations in ¶ 34 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

## AS AND FOR THE SECOND CAUSE OF ACTION

35. Repeat their responses to the allegations to the Amended Complaint set forth above.

36. The Local 363 ERISA Defendants deny the allegations in ¶ 36 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

37. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 37 of the Amended Complaint.

38. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 38 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

### AS AND FOR THE THIRD CAUSE OF ACTION

39. Repeat their responses to the allegations to the Amended Complaint set forth above.

40. The Local 363 ERISA Defendants deny the allegations in ¶ 40 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

41. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 41 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

42. Denies knowledge or information to form a belief concerning the allegations in ¶ 42 of the Amended Complaint.

43. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 43 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

### AS AND FOR THE FOURTH CAUSE OF ACTION

44. Repeat their responses to the allegations to the Amended Complaint set forth above.

45. The Local 363 ERISA Defendants deny the allegations in ¶ 45 of the Amended Complaint.

46. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 46 of the Amended Complaint.

47. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 47 of the Amended Complaint.

48. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 48 of the Amended Complaint.

49. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 49 of the Amended Complaint.

50. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 50 of the Amended Complaint.

51. Denies knowledge or information sufficient to form a belief concerning the allegations in ¶ 51 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

## AS AND FOR THE FIFTH CAUSE OF ACTION

52. Repeat their responses to the allegations to the Amended Complaint set forth above.

53. The Local 363 ERISA Defendants admit the allegations in ¶ 53 of the Amended Complaint.

54. The Local 363 ERISA Defendants deny the allegations in ¶ 54 of the Amended Complaint, except admit the existence of the document referenced therein and respectfully refer the Court to said document for its meaning and effect.

55. The Local 363 ERISA Defendants deny the allegations in ¶ 55 of the Amended Complaint.

56. The Local 363 ERISA Defendants deny the allegations in ¶ 56 of the Amended Complaint.

57. The Local 363 ERISA Defendants deny the allegations in ¶ 57 of the Amended Complaint.

58. The Local 363 ERISA Defendants deny the allegations in ¶ 58 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

### AS AND FOR THE SIXTH CAUSE OF ACTION

59. Repeat their responses to the allegations to the Amended Complaint set forth above.

60. The Local 363 ERISA Defendants deny the allegations in ¶ 60 of the Amended Complaint.

61. The Local 363 ERISA Defendants deny the allegations in ¶ 61 of the Amended Complaint.

62. The Local 363 ERISA Defendants deny the allegations in ¶ 62 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

### AS AND FOR THE SEVENTH CAUSE OF ACTION

63. Repeat their responses to the allegations to the Amended Complaint set forth above.

64. The Local 363 ERISA Defendants deny the allegations in ¶ 64 of the Amended Complaint.

65. The Local 363 ERISA Defendants deny the allegations in ¶ 65 of the Amended Complaint.

66. The Local 363 ERISA Defendants deny the allegations in ¶ 66 of the Amended Complaint.

67. The Local 363 ERISA Defendants deny the allegations in ¶ 67 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

### AS AND FOR THE EIGHTH CAUSE OF ACTION

68. Repeat their responses to the allegations to the Amended Complaint set forth above.

69. The Local 363 ERISA Defendants deny the allegations in ¶ 69 of the Amended Complaint.

70. The Local 363 ERISA Defendants deny the allegations in ¶ 70 of the Amended Complaint.

71. The Local 363 ERISA Defendants deny the allegations in ¶ 71 of the Amended Complaint.

72. The Local 363 ERISA Defendants deny the allegations in ¶ 72 of the Amended Complaint.

73. The Local 363 ERISA Defendants deny the allegations in ¶ 73 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

### AS AND FOR THE NINTH CAUSE OF ACTION

74. Repeat their responses to the allegations to the Amended Complaint set forth above.

75. The Local 363 ERISA Defendants deny the allegations in ¶ 75 of the Amended Complaint, except admit that John Maraia is the Business Manager of IBEW Local Union No. 363.

76. The Local 363 ERISA Defendants deny the allegations in ¶ 76 of the Amended Complaint.

77. The Local 363 ERISA Defendants deny the allegations in ¶ 77 of the Amended Complaint.

78. The Local 363 ERISA Defendants deny the allegations in ¶ 78 of the Amended Complaint.

79. The Local 363 ERISA Defendants deny the allegations in ¶ 79 of the Amended Complaint.

80. The Local 363 ERISA Defendants deny the allegations in ¶ 80 of the Amended Complaint, and respectfully defer to the Court as to the conclusions of law alleged.

## AS AND FOR THE TENTH CAUSE OF ACTION

81. Repeat their responses to the allegations to the Amended Complaint set forth above.

82. The Local 363 ERISA Defendants deny the allegations in ¶ 82 of the Amended Complaint, except admit that Rose Pelletier is employed by the IBEW Local 363 Pension, Welfare, and Annuity Funds as a benefits coordinator.

83. The Local 363 ERISA Defendants deny the allegations in ¶ 83 of the Amended Complaint.

84. The Local 363 ERISA Defendants deny the allegations in ¶ 84 of the Amended Complaint.

85. The Local 363 ERISA Defendants deny the allegations in ¶ 85 of the Amended Complaint.

86. The Local 363 ERISA Defendants deny the allegations in ¶ 86 of the Amended Complaint.

87. The Local 363 ERISA Defendants deny the allegations in ¶ 87 of the Amended Complaint.

## DEFENSES

88. The Amended Complaint fails to state a claim as to the Local 363 ERISA Fund Defendants.

89. Plaintiff's claims against the Local 363 ERISA Fund Defendants are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29. U.S.C. § 1001 *et. seq.*

90. Plaintiff's claims against the Local 363 ERISA Fund Defendants are preempted by the Labor Management Relations Act, 29. U.S.C. § 141 *et. seq.*

91. Plaintiffs are not entitled under ERISA to the relief they seek from the Local 363 ERISA Fund Defendants.

92. Plaintiff lacks standing to bring an action against the Local 363 ERISA Fund Defendants.

93. Plaintiff is not entitled to a return of contributions from the Local 363 ERISA Fund Defendant under the relevant, governing plan documents.

94. Plaintiff failed to plead to plead its fraud claims against the Local 363 ERISA Fund Defendants with particularity as required by Fed R. Civ. P. 9(b).

### AS AND FOR A CROSS-CLAIM AGAINST TECH-ELEC ELECTRICAL CONTRACTORS CORP., GEORGE PACACHA, and KERRY PACACHA

95. In the event plaintiff recovers against the Local 363 ERISA Fund Defendants, the IBEW Local 363 Pension, Welfare, and Annuity Funds will be entitled to contribution, apportionment and/or indemnification from Tech-Elec Electrical Contractors Corp., George

Pacacha, and Kerry Pacacha because such damages were sustained in whole or in part by reason of Tech-Elec Electrical Contractors Corp.'s, George Pacacha's, and Kerry Pacacha's wrongful conduct in failing to pay contributions due and owing under the collective bargaining agreement.

*WHEREFORE*, the Local 363 ERISA Fund Defendants respectfully request that the Court award judgment in favor of them be granted against plaintiff, dismissing the Amended Complaint in its entirety, and that judgment on the cross-claim be granted in favor of the Local 363 ERISA Fund Defendants and against defendants Tech-Elec Electrical Contractors Corp., George Pacacha, and Kerry Pacacha, and that the Court awarding the Local 363 ERISA Fund Defendants their reasonable attorney's fees, costs and such other and further relief as to this Court seems just and proper.

Dated: Melville, New York
       March 20, 2008

                ARCHER, BYINGTON, GLENNON & LEVINE, LLP

                By:    */s/ Robert T. McGovern*
                        Robert T. McGovern
                Attorneys for Defendants Trustees of International Brotherhood of Electrical Workers Local Union No. 363 Fringe Benefit Fund, Welfare Fund, Pension Fund, Annuity Fund, and John Maraia, as Business Manager, Rose Pelletier, as Secretary
                425 Broadhollow Road, Suite 405
                P.O. Box 9064
                Melville, New York 11747
                E-mail: rmcgovern@abgllaw.com
                Phone: 631-249-6565
                Fax: 631-777-6906

TO:     NEIL B. CONNELLY, ESQ.
          Attorney for Plaintiff
          99 Church Street, 4th Floor
          White Plains, New York 10601
          914-328-4100

TECH-ELEC ELECTRICAL CONTRACTORS CORP.
GEORGE PACACHA and KERRY PACACHA
Defendants
194 Robinson Lane
Wappingers Falls, New York 12590

Jennifer Bush Hawkins, Esq.
POTTS-DUPRE, DIFEDE & HAWKINS, CHTD
Attorneys for Defendant Trustees of the National
Electrical Benefit Fund
900 Seventh Street, N.W., Suite 1020
Washington, D.C. 20001
202-223-0888

700785

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF SUFFOLK          )

**DINA L. DIX**, being duly sworn, deposes and says:

1. I am not a party to the action.

2. I am over 18 years of age.

3. I reside at Suffolk County, New York.

4. On March 20, 2008, I served the foregoing **ANSWER TO AMENDED COMPLAINT** and **CROSS-CLAIM AGAINST TECH-ELEC ELECTRICAL CONTRACTORS CORP., GEORGE PACACHA, and KERRY PACACHA** upon:

NEIL B. CONNELLY, ESQ.
Attorney for Plaintiff
99 Church Street, 4th Floor
White Plains, New York 10601

TECH-ELEC ELECTRICAL
CONTRACTORS CORP.
Defendant
194 Robinson Lane
Wappingers Falls, New York 12590

GEORGE PACACHA
Defendant
194 Robinson Lane
Wappingers Falls, New York 12590

KERRY PACACHA
Defendant
194 Robinson Lane
Wappingers Falls, New York 12590

Jennifer Bush Hawkins, Esq.
POTTS-DUPRE, DIFEDE
 & HAWKINS, CHTD
Attorneys for Defendant Trustees of the
 National Electrical Benefit Fund
900 Seventh Street, N.W., Suite 1020
Washington, D.C. 20001

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within New York State, located at 425 Broadhollow Road, Melville, New York, addressed to said attorney(s) at the address(es) above set forth, being the address(es) designated by said attorney(s) for that purpose.

DINA L. DIX

Sworn to before me this
20th day of March 2008

_____
Notary Public

ELIZABETH B. MURPHY
Notary Public, State of New York
No. 01MU6108249
Qualified in Nassau County
Commission Expires April 12, 2008

Nova Casualty Company v. Tech-Elec Electrical Contractors Corp., et al.
Case No.: 7:08-CV-02534 (CLB)(LMS)