UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

NOVA CASUALTY COMPANY,

                                          Plaintiff,

        -against-

TECH-ELEC ELECTRICAL CONTRACTORS CORP., GEORGE PACACHA, KERRY PACACHA, TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 363 FRINGE BENEFIT FUND, WELFARE FUND, PENSION FUND, ANNUITY FUND, and JOHN MARAIA, as Business Manager, ROSE PELLETIER, as Secretary, and TRUSTEES OF THE NATIONAL ELECTRIC BENEFIT FUND,

                                          Defendants.

Civ. No. 08-2534

**FIRST AMENDED ANSWER OF NEBF TRUSTEES, WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS**

-------------------------------------------------------------------------x

       Defendant, Trustees of the National Electrical Benefit Fund ("NEBF Trustees"), by and through the undersigned attorneys, as and for its answer to the Verified Amended Complaint respectfully alleges and says as follows:

       1.       The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

       2.       The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.

       3.       The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

       4.       The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6.

7. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

9. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

10. The NEBF Trustees admit that they are Trustees of a multi-employee plan that provides retirement and related benefits, and that the Plan is organized and operated in accordance with 29 U.S.C. § 186(c)(5). NEBF Trustees deny the remaining allegations contained in paragraph 10.

11. The NEBF Trustees admit the allegations contained in paragraph 11.

12. The NEBF Trustees deny the allegations contained in paragraph 12.

13. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13.

14. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14.

15. The NEBF Trustees admit the existence of the referenced General Agreement of Indemnity, which document speaks for itself. The NEBF Trustees deny knowledge or

information sufficient to form a belief as to the any remaining allegations contained in paragraph 15.

16. The NEBF Trustees admit the existence of the referenced General Agreement of Indemnity, which document speaks for itself.

17. The NEBF Trustees admit the existence of the referenced General Agreement of Indemnity, which document speaks for itself.

18. The NEBF Trustees admit the existence of the referenced General Agreement of Indemnity, which document speaks for itself.

19. The NEBF Trustees admit the existence of the referenced General Agreement of Indemnity, which document speaks for itself.

## ANSWER TO FIRST CAUSE OF ACTION

20. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 19.

21. The NEBF Trustees admit the existence of the referenced Collective Bargaining Agreement, which document speaks for itself.  The NEBF Trustees deny that NEBF is a party to said document.

22. The NEBF Trustees admit the existence of the referenced Collective Bargaining Agreement, which document speaks for itself.

23. The NEBF Trustees admit the existence of the referenced Union Fringe Benefit Bond, which document speaks for itself.

24. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24.

25. The NEBF Trustees admit the existence of the referenced Claim Letter, which document speaks for itself.

26. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26.

27. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27.

28. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28.

29. The NEBF Trustees admit the existence of the referenced Nova Check No. D0087486 in the sum of $50,000.00.  The NEBF Trustees deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 29.

30. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30.

31. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31.

32. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32.

33. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33.

34. The NEBF Trustees neither admit nor deny the allegations contained in paragraph 34, as paragraph 34 states a legal conclusion to which no answer is required.

## ANSWER TO SECOND CAUSE OF ACTION

35. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 34.

36. The NEBF Trustees admit the existence of the referenced General Agreement of Indemnity, which document speaks for itself.

37. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37.

38. The NEBF Trustees neither admit nor deny the allegations contained in paragraph 38, as paragraph 38 states a legal conclusion to which no answer is required.

## ANSWER TO THIRD CAUSE OF ACTION

39. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 38.

40. The NEBF Trustees admit the existence of the referenced General Agreement of Indemnity, which document speaks for itself.

41. The NEBF Trustees admit to the existence of the referenced demand, which document speaks for itself.

42. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42.

43. The NEBF Trustees neither admit nor deny the allegations contained in paragraph 43, as paragraph 43 states a legal conclusion to which no answer is required.

### ANSWER TO FOURTH CAUSE OF ACTION

44. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 43.

45. The NEBF Trustees admit the existence of the referenced payment, and deny knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 45.

46. The NEBF Trustees deny the allegations contained in paragraph 46.

47. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47.

48. The NEBF Trustees deny the allegations contained in paragraph 48.

49. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 49.

50. The NEBF Trustees deny the allegations contained in paragraph 50.

51. The NEBF Trustees neither admit nor deny the allegations contained in paragraph 51, as paragraph 51 states a legal conclusion to which no answer is required.

## ANSWER TO FIFTH CAUSE OF ACTION

52. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 51.

53. The NEBF Trustees admit the existence of the referenced Union Fringe Benefit Payment Bond No. 46835, which document speaks for itself.

54. The NEBF Trustees admit the existence of the referenced Union Fringe Benefit Payment Bond No. 46835, which document speaks for itself.

55. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 55.

56. The NEBF Trustees deny the allegations contained in paragraph 56.

57. The NEBF Trustees deny the allegations contained in paragraph 57.

58. The NEBF Trustees deny the allegations contained in paragraph 58.

## ANSWER TO SIXTH CAUSE OF ACTION

59. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 58.

60. The NEBF Trustees deny the allegations contained in paragraph 60.

61. The NEBF Trustees deny the allegations contained in paragraph 61.

62. The NEBF Trustees deny the allegations contained in paragraph 62.

## ANSWER TO SEVENTH CAUSE OF ACTION

63. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 62.

64. The NEBF Trustees deny the allegations contained in paragraph 64.

65. The NEBF Trustees deny the allegations contained in paragraph 65.

66. The NEBF Trustees deny the allegations contained in paragraph 66.

67. The NEBF Trustees deny the allegations contained in paragraph 67.

## ANSWER TO EIGHTH CAUSE OF ACTION

68. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 67.

69. The NEBF Trustees deny the allegations contained in paragraph 69.

70. The NEBF Trustees deny the allegations contained in paragraph 70.

71. The NEBF Trustees deny the allegations contained in paragraph 71.

72. The NEBF Trustees deny the allegations contained in paragraph 72.

73. The NEBF Trustees deny the allegations contained in paragraph 73.

## ANSWER TO NINTH CAUSE OF ACTION

74. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 73.

75. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 75.

76. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 76.

77. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 77.

78. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 78.

79. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 79.

80. The NEBF Trustees neither admit nor deny the allegations contained in paragraph 80, as paragraph 80 states a legal conclusion to which no answer is required.

## ANSWER TO TENTH CAUSE OF ACTION

81. The NEBF Trustees repeat and re-allege the answers contained in paragraphs 1 through 80.

82. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 82.

83. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 83.

84. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 84.

85. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 85.

86. The NEBF Trustees deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 86.

87. The NEBF Trustees neither admit nor deny the allegations contained in paragraph 87, as paragraph 87 states a legal conclusion to which no answer is required.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Plaintiff lacks standing to sue the NEBF.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. Plaintiff has failed to state a claim against NEBF upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has no remedy under federal common law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff failed to state its fraud claims with particularity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. The refund of contributions sought by Plaintiff is barred by the NEBF's governing documents.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Principles of equity do not require NEBF to return allegedly overpaid contributions.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. The NEBF at all times acted reasonably, in good faith and without malice.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. The relief Plaintiff seeks violates 29 U.S.C. 1103(c)(1).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. The relief Plaintiff seeks violates 29 U.S.C. 1104(a)(1).

### AS AND FOR A FIRST CROSS-CLAIM AGAINST TECH-ELEC ELECTRICAL CONTRACTORS CORP., GEORGE PACACHA AND KERRY PACACHA

1. In the event Plaintiff recovers against the NEBF, the NEBF will be

entitled to contribution, appointment and/or indemnification from Tech-Elec Electrical Contractors Corp., George Pacacha, and/or Kerry Pacacha because such damages were sustained in whole or in part by reason of Tech-Elec Electrical Contractors Corp.'s, George Pacacha's, and Kerry Pacacha's wrongful conduct in failing to pay contributions due and owing under the collective bargaining agreement.

### AS AND FOR A SECOND CROSS-CLAIM
### AGAINST TECH-ELEC ELECTRICAL CONTRACTORS
### CORP., GEORGE PACACHA AND KERRY PACACHA

2. In the event Plaintiff recovers against the NEBF, the NEBF will be entitled to recover from Tech-Elec Electrical Contractors Corp., George Pacacha and/or Kerry Pacacha any resulting delinquency pursuant to Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") with interest, liquidated damages and the NEBF's attorneys' fees to the extent provided under NEBF plan documents and ERISA.

**WHEREFORE**, the NEBF Trustees pray for dismissal of the Verified Amended Complaint as it pertains to the NEBF, including the dismissal of all claims against the NEBF Trustees, and that judgment on the Cross-Claims be granted in favor of NEBF, and that NEBF be awarded any unpaid delinquency, any statutory and contractual remedies including, but not limited to, interest, liquidated damages, and the costs of this litigation and any other award that the Court deems just and proper.

Respectfully submitted,

By: _____/S/_____
Jennifer Bush Hawkins (JB 9839)
POTTS-DUPRE, DIFEDE & HAWKINS, CHTD.
900 7th Street, N.W., Suite 1020
Washington, DC 20001
Tel: (202) 223-0888
Fax: (202) 223-3868

ATTORNEYS FOR DEFENDANT
NATIONAL ELECTRICAL BENEFIT FUND

TO: Neil B. Connelly, Esq.
Attorney for Plaintiff
99 Church Street, 4th Floor
White Plains, New York 10601
914-328-4100

Tech-Elec Electrical Contractors Corp.
George Pacacha and Kerry Pacacha,
Defendants
194 Robinson Lane
Wappingers Falls, New York 12590

Robert T. McGovern
425 Broadhollow Road - Suite 405
P.O. Box 9064
Melville, New York 11747
(631) 249-6565

Karen M. Riggio, LLC
1562 First Avenue, Suite 174
New York, NY 10028
(203) 968-8715